WM. II. BELL v. G. HOFFMAN, and others.

*Contract—Construction—Counter-claim—Issues.*

On 17th August, 1882, plaintiff and defendant G. Hoffman made a written contract whereby plaintiff sold to said Hoffman the entire stock of goods plaintiff might have in his store on 1st September, 1882, Hoffman agreeing to pay for the same "*wholesale prices as per invoice from G. Oppenheimer & Son;*" and to secure performance of the contract, each gave to the other his note for fifty dollars as a forfeiture for non-compliance.

About 10 o'clock on the 1st September defendant Hoffman offered to comply with his part of the contract. Plaintiff claimed that by the proper construction of the contract ten per cent must be added to the wholesale price of the goods, and refused to comply unless this was done. Defendant refused to allow this. About two o'clock of same day plaintiff offered to let defendant have the goods according to his (defendant's) construction of the contract. Defendant then declined to do this ;

*Held* (1), That there was no ground for plaintiff's construction of the contract ; (2) that there was nothing in the contract which could give the whole day in which to execute it ; (3) that plaintiff's refusal to comply unless the ten per cent. was added was a breach which was not cured by his offer to comply afterwards at 2 o'clock ; (4) that the testimony objected to by plaintiff was irrelevant and immaterial, and could therefore do plaintiff no damage ; (5) that the issue proposed by plaintiff, as to his offer to comply, was not raised by the pleadings and was irrelevant ; (6) that defendant was entitled to judgment for his counter-claim of fifty dollars, amount of note executed to him by plaintiff.

CIVIL ACTION, tried, on appeal from a justice of the peace, at Spring Term, 1884, of the Superior Court of HALIFAX county, before *Avery, Judge,* and a jury.

This action was commenced before a justice of the peace for the recovery of fifty dollars due by the note described in the contract below set out, which the plaintiff claimed as a forfeiture by the defendant G. H. Hoffman, for non-compliance with that contract, which was as follows:

"This article of agreement entered into this 17th day of August, 1882, between W. H. Bell of the first part, and Gerson Hoffman of the second, witnesseth :

"That, whereas, W. H. Bell has this day sold to said Hoffman the entire stock of goods and fixtures he may have in store on

18

Main street on the 1st day of September, 1882, the party of the second part agreeing to pay wholesale prices as per invoice from G. Oppenheimer & Son, making the following payments: One half cash, balance, of two equal notes, payable in sixty and ninety days from date of said notes, the party of the first part approving security.

"Now then, in consideration of above sale and promises, the parties of first and second parts have this day given each to the other a note of fifty dollars as forfeiture of non-compliance. These notes shall be sealed and delivered in keeping with this contract.

"In witness whereof, we have hereunto set our hands and seals.

W. H. BELL, (Seal).

G. HOFFMAN, (Seal)."

The justice rendered judgment in favor of the plaintiff; from this judgment the defendant appealed to the Superior Court. By consent, the defendant pleaded, as a counter-claim, the note executed to defendant G. Hoffman, which is described in this contract.

The plaintiff testified that he was able, willing and ready to perform the contract on his part, on the day named for performance. On cross-examination, he stated that the defendant G. Hoffman came to him about ten o'clock of the day fixed by the contract and told him he was ready to comply with the contract, and that be desired to take an inventory of the goods; that he (W. H. Bell) claimed ten per centum on the prime cost price of goods; that this was what he contracted for; that this was what wholesale price, as per invoice from G. Oppenheimer & Son, meant, and that he refused then to allow the inventory to be taken, unless the said defendant would allow ten per centum to be added to the prime cost price, and unless he did so he would not trade. Hoffman refused to allow this and left. The plaintiff further testified that about two o'clock of said day he told Hoffman that he could then take the inventory, as he would settle according to his construction of the contract. Hoffman declined to do this, and stated that he had made other arrangements.

Hoffman was introduced as a witness for himself and corroborated plaintiff.

The defendant then introduced G. Oppenheimer, who testified that he was the G. Oppenheimer referred to in the contract.

The defendant's counsel asked him at what price he sold to the plaintiff.

The plaintiff objected to the question as irrelevant, as its object was to vary and alter a written contract by parol evidence, and that the answer thereto could not and did not tend to explain a latent ambiguity in the written contract. The objection was overruled and the plaintiff excepted. The witness then said, at cost price.

The Court framed and submitted these issues:

1. Did the plaintiff refuse to comply with his contract on his part on the day agreed upon for performing the stipulation of the written contract?

2. Was the defendant ready, willing and able to comply with the contract on his part when the plaintiff refused on his part?

The plaintiff asked the Court to submit this issue: "Did the plaintiff offer to comply with said contract by adding ten per centum to the prime cost price of goods, and did he offer to comply with said contract as the defendant understood its terms before sunset of said day?" The Court refused to do so.

The Court charged the jury that if they believed that the plaintiff refused to comply with his contract on the day named, when the defendant offered to comply on his part, he could not recover, notwithstanding he did offer to comply before sunset of the day named.

The plaintiff excepted to this charge and asked the Court to charge that there was no evidence that the plaintiff had refused to comply with said contract on his part. The court refused this and plaintiff excepted.

The jury responded "yes" to both issues. The court gave judgment against the plaintiff for fifty dollars, with interest from September 2d, 1882.

Whereupon the plaintiff excepted and appealed to this court.

Messrs. Kitchin & Dunn and Mullen & Moore, for plaintiff.

Messrs. Reade, Busbee & Busbee and R. H. Smith, Jr., for defendant.

MERRIMON, J. (after stating the facts). The plaintiff failed to comply with the agreement set forth in the record, and, under its provisions, by such default, became indebted to the defendant Gerson Hoffman in the sum of fifty dollars secured to him by the plaintiff's promissory note for that sum of money.

At a reasonable hour of the day on which the plaintiff had agreed to deliver the goods to the defendant named, the latter went to and informed him that he was ready and prepared to comply with the agreement on his part, and desired to take an inventory of the goods. That he was so ready and prepared is not controverted, and that he was, must be accepted as the fact.

The plaintiff "claimed ten per centum on the prime cost price of the goods, that this was what wholesale price, as per invoice from G. Oppenheimer & Son, meant," and he then refused to allow the inventory to be taken, declaring that unless Hoffman would allow his demand, he, the plaintiff, "would not trade." Hoffman declined to allow this demand, and left the plaintiff.

There could scarcely be a more palpable breach of the agreement on the part of the plaintiff. He refused to comply with its terms and effect. He made a demand unwarranted by it, and, without reserve or qualification declared to the defendant that he "would not trade" unless the latter would allow his demand. Hoffman was not bound to allow it; he was bound to comply with the agreement as far as he could, and he did so, when he was ready and prepared to comply with its requirements of him and so informed the plaintiff. He was not obliged to wait indefinitely or at all to see if the plaintiff would reconsider his refusal to deliver the goods; he had no reason to believe he would do so, and there is nothing in the agreement that can be reasonably construed to mean that the parties to it, each, should have all the first day of September, 1882, in which to decide whether or not he would comply with its requirements of him ; on the contrary, it

was expressly stipulated that, in case of non-compliance with it by either party, the non-complying party should pay the other fifty dollars.

The plaintiff was bound to comply with the agreement according to its legal effect; he failed to do so at his peril; and his failure and refusal to deliver the goods on the day specified, was non-compliance with it. His claim that *ten per centum* should be added to the prime cost price of the goods was obviously unfounded. The plain terms of the agreement, left nothing to doubt, the prices to be paid were fixed, and they were the "wholesale prices as per invoice from G. Oppenheimer & Son." Any question as to prime costs and *ten per centum* added thereto, was outside of and foreign to the agreement.

It seems that the plaintiff thought so himself, for afterwards, on the same day, he proposed to abandon his demand. This proposition came too late; several hours before he made it, he had refused to comply with the agreement; one flat refusal was enough; this entitled the defendant to the forfeiture of $50, and relieved him from all obligations to take the goods at any price.

The testimony of the witness Oppenheimer was irrelevant and immaterial. The agreement was not denied; its terms were plain and to be interpreted by the Court.

The issue proposed by the plaintiff, in addition to those submitted to the jury, was not raised by the pleadings, and was immaterial; it referred to evidential facts that were in evidence for the proper purpose.

There was manifestly evidence that the plaintiff refused to comply with the agreement, and the Court properly refused to instruct the jury that there was none. There is no error of which the plaintiff has right to complain, and judgment must be entered for the defendant. Judgment accordingly.

No error. Affirmed.