JOHN M. CANDA et al., Respondents, *v.* JACOB WICK, Jr., Appellant.

Plaintiffs agreed to deliver to defendant 400,000 brick, which the latter agreed to accept and pay for at a stipulated price. The brick were to be delivered from time to time at plaintiffs' convenience, but without delaying defendant in the prosecution of the work for which they were intended. A prompt delivery and acceptance was contemplated, and this was one of the conditions inducing plaintiffs to enter into the contract. After plaintiffs had delivered a portion of a cargo of brick, defendant refused to receive the residue, alleging that they were of inferior quality from that called for by the contract, and also that he had not room to receive them. Plaintiffs offered to deliver the balance, and stated that if brick advanced in price they could not be held responsible for delivery on the contract. On several occasions thereafter they expressed a willingness to go on with the contract, but defendant was not ready, and only became ready when brick had greatly advanced in price. In an action to recover damages for breach of the contract the referee found that the reasons given for the refusal to receive were groundless. *Held*, that the tender and refusal constituted a breach of the contract; that plaintiffs were not required to tender the whole 400,000 brick in order to put defendant in default. Also, that the right of action which accrued from the refusal to receive was not waived by the subsequent offers to deliver, which were not accepted.

The brick in question were delivered by plaintiffs to other parties on contracts made prior to that with defendant. Plaintiffs were able to furnish the brick required for all the contracts. *Held,* that the price received under such other contracts was immaterial, and evidence thereof properly rejected.

(Argued June 26, 1885 : decided October 6, 1885.) .

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 9, 1883, which affirmed a judgment in favor of plaintiffs, entered upon the report of a referee. (Mem. of decision below, 17 J. & S. 497.)

This action was brought, among other things, to recover damages for an alleged breach of contract to receive and pay for four hundred thousand brick, at a stipulated price.

The referee found, in substance, that on or about September 13, 1881, the parties entered into a contract by which plaintiffs agreed to sell and deliver to defendant, who agreed to accept and pay for the brick in question, at the price of $7.25 per thousand, to be used in the erection of a building then in process of construction by defendant ; they were to be delivered on the street in front of the premises. In pursuance of the contract, on September 21st, plaintiffs delivered two thousand of the brick, part of a cargo, when defendant refused and prevented plaintiffs from making any further delivery, although they were able and willing and offered to perform the contract on their part. The market value of such brick was at that time $6.75 per thousand. There was no tender of any brick under the contract after September 21st. On October 14th, defendant demanded of plaintiffs the balance of the brick, but plaintiffs refused to deliver ; the market value at that time was $8.25 per thousand.

It appeared that the brick which defendant refused were delivered by plaintiffs upon other contracts made prior to that with defendant. Defendant offered to show on the trial the price received by plaintiffs under said contracts. This was rejected, and the referee allowed as damages the difference be-

tween the contract price and the market price at the time of the refusal to accept delivery.

The further material facts are stated in the opinion.

*John L. Lindsay* for appellant. A party seeking to rescind a contract must reject it wholly, without imposing conditions. (*Welsh* v. *Gossler*, 47 N. Y. Supr. [J. & S.] 104; El., Bl. & El. 148; 45 Barb. 379; 20 Wend. 47; *Howard* v. *Hayes*, 47 N. Y. Supr. [J. & S.] 29; *Gray* v. *Green*, 9 Hun, 344.) Where a contract has been temporized with, and execution thereof delayed by express or tacit consent, by delaying the execution of the common purpose, neither party can claim to put the other in default, without first giving express notice of intent to do so if the contract be not performed within a reasonable time, which ought to be indicated. (*Wilkinson* v. *Beecher*, Daily Reg., Nov. 17, 1882; *Lawson* v. *Hogan*, 13 Weekly Dig. 8; *Schroeppel* v. *Hoppen*, 40 Barb. 425; *Williston* v. *Corkinson*, 41 id. 635; *Shafer* v. *Niver*, 9 Mich. 253; *Stow* v. *Russell*, 36 Ill. 19; *Hickard* v. *Sayre*, 34 id. 142; *Wolf* v. *Willits*, 35 id. 89; *Sloo* v. *Law*, 1 Blatchf. 512; Willard on Vend. [2d ed.] 199.) The acts of the parties, both plaintiffs and defendant, show that the execution of the contract was delayed by express or tacit consent, and it is the acts of the parties by which they are to be judged, and not their words. (*Horncastle* v. *Farran*, 3 Barn. & Ald. 497; *Chapman* v. *Morton*, 11 M. & W. 534.) The referee erred in excluding testimony tending to show the amount received by plaintiffs for the brick which they intended for the defendant, for if they received as much or more than they were to receive from defendant they were not damaged. (*Potter* v. *Colgate*, 30 N. Y. 549; *Lewis* v. *Grader*, 51 id. 231; *Cohen* v. *Platt*, 69 id. 348; *Orr* v. *Bigelow*, 14 id. 561; *Dey* v. *Dase*, 9 Wend. 129; *Schultz* v. *Bradley*, 4 Daly, 29.)

*J. Woolsey Shepard* for respondents. The issues being purely disputed questions of fact, and the referee's findings being supported by some evidence, the Court of Appeals will not disturb

the decision of the referee. (*Potter* v. *Carpenter*, 71 N. Y. 74; *Stilwell* v. *M. Ins. Co.*, 72 id. 385; *Baum* v. *Stowe*, 12 Weekly Dig. 353; Story on Sales [2d ed., 1853], 278, 285; *Terwilliger* v. *Knapp*, 2 E. D. Smith, 86; *Jones* v. *Fowler*, 1 Sweeney's Sup. Ct. 5; *Crittenden* v. *Atwood*, 15 Weekly Dig. 392.) Defendant is estopped from claiming that the brick delivered, and those with which plaintiffs intended to complete the delivery were of inferior quality to those purchased, for the reason that defendant is bound by his admission in his answer that he "received two thousand of the brick in pursuance of said contract." (*Paige* v. *Willet*, 38 N. Y. 28; *Winchell* v. *Winchell*, 17 Weekly Dig. 318.) As a further reason that the defendant in fact used the brick delivered in the construction of the building. (*Leavenworth* v. *Packer*, 52 Barb. 132; Sedgw. on Dam. 280.) Proof of a tender of a portion of the goods, and a refusal or rejection of the same, or a refusal to receive the bulk of the goods is equivalent to a complete delivery of the whole. (*Cousinery* v. *Pearsall*, 8 J. & S. 113.) The vendors (plaintiffs) are entitled to recover the difference between the contract price and market price, whether they had property in their possession sufficient to fulfill the contract on their part or not. (*Dustan* v. *McAndrew*, 44 N. Y. 72; *Hayden* v. *Demets*, 53 id. 431; *Clark* v. *Mayor, etc.*, 4 id. 343; *Crittenden* v. *Atwood*, 15 Weekly Dig. 392; *Masterson* v. *Mayor, etc.*, 7 Hill, 61; *Tilt* v. *La Salle Mfg. Co.*, 5 Daly, 16.) It was not material what became of a certain quantity of brick which it is not claimed or proved was bought by defendant. (*Cort* v. *A. Ry. Co.*, 17 Q. B. 127.)

ANDREWS, J. The referee found, upon sufficient evidence to justify the finding, that the reasons assigned by the defendant on the 21st of September, 1881, for refusing to receive the balance of the brick of the cargo of the schooner *Ellen*, were groundless. He further found that the brick were of the quality specified in the contract, and that there was a sufficient available space for piling them. Upon the defendant's refusal

to permit the plaintiffs' cartmen to continue the delivery, the plaintiffs offered to deliver the balance of the cargo, and stated to the defendant that if brick advanced in price, they could not be held responsible for the delivery on the contract. The defendant persisted in his refusal to receive any more brick from the cargo of the *Ellen*, assigning the reasons before stated, viz. : defective quality and want of space. The plaintiffs had a right to make delivery on the contract, on the 21st of September. The written memorandum is silent as to the time of delivery, but the evidence shows that prompt delivery and acceptance was contemplated, and that this was one of the considerations upon which the plaintiffs entered into the contract. The tender and refusal constituted, we think, a breach of the contract by the defendant. It was not necessary that the plaintiffs should tender the whole four hundred thousand brick in order to put the defendant in default. It was not contemplated that the entire number should be delivered in one mass, but as is evident from the situation of the parties and the surroundings, they were to be delivered from time to time, at the convenience of the plaintiffs, but without delaying the defendant in prosecuting the work in which they were to be used. When the defendant refused without adequate reason to accept the cargo of the *Ellen*, the plaintiffs were at liberty to treat the contract as broken, and were not bound to make an actual tender of the remainder of the brick before bringing the action. This would have been a useless ceremony. The warning given by the plaintiffs to the defendant, that his refusal would absolve them from any obligation on the contract, was not, as is claimed, equivalent to an assertion of a right on their part to regard the contract as still subsisting and executory, or as a reservation of a right to deliver the brick if they should so elect. The letter of October 4, 1881, shows that on several occasions after the 21st of September, the plaintiffs were willing to go on with the contract, but the defendant was not ready and only became ready when brick had greatly advanced in price. The right of action having accrued from the transaction of September

21st, it was not waived as matter of law by a subsequent offer on the part of the plaintiffs to furnish the brick, which was not accepted by the defendant until the advance in the market had materially changed the situation. The price which the plaintiffs received for the brick on sale to other parties was immaterial in view of the facts that they were delivered on contracts made prior to September 21st, and that the plaintiffs had the ability to furnish all the brick required for all their contracts, including that with the defendant.

The judgment should be affirmed.

All concur.

Judgment affirmed.