The Evansville and Indianapolis Railroad Company *v.* Frank.

Filed Oct. 28, 1891.

---

No. 349.

## THE EVANSVILLE AND INDIANAPOLIS RAILROAD COMPANY *v.* FRANK.

RAILROAD.—*Sale.*—*Condition Contained in Sheriff's Deed in Accordance with· Decree of Foreclosure.*—*Debenture.*—*Purchaser Liable to Pay.*—Where a decree of foreclosure for the sale of property contains a clause that the purchaser thereunder shall be liable for certain outstanding indebtedness, or debentures,·secured by the mortgage foreclosed, and such condition is inserted in the sheriff's deed issued in pursuance of the sale created in said decree, the purchaser is liable *in·personam* for the amount of indebtedness thus secured, and the action is not based on the decree.

SAME.—*Debenture Payable in Freight or Work.*—*Repudiation.*—If a railroad company issue debentures receivable in payment of freight named, and it repudiate them, it is liable for their face value in money, and judgment may be rendered thereon for that amount.

SAME.—*Company Declining to Pay According to Tenor of Contract.*—*Effect.*— *Liable for Amount in Money.*—So, if such company notify the holder of such debentures that it construes the contract so as to make them receivable only in a way contrary to their tenor and effect, this is a notification that it does not regard itself as bound by the contract, and amounts to a renunciation thereof; and such holder is not bound thereafter to tender the debentures for acceptance according to their tenor and effect, but may bring his action at once for the recovery of the amount in money for which the debentures were by their terms receivable in part payment of freight.

SAME.—*Tender.*—*Number of Debentures.*—A refusal to honor one debenture amounts to a refusal to honor all held by the person tendering it; and such holder is not bound to first tender all he has before bringing an action thereon.

SAME.—*Debenture Receivable to the Extent of One-Half Due from Holder for Freights.*—A debenture conditioned that it shall not be receivable in payment of freight " to a greater amount than one-half of the amount then to be paid by the holder to the company for freights," requires the

The Evansville and Indianapolis Railroad Company *v.* Frank.

company to accept it, when tendered, although the freight due is more than double the amount of the debenture tendered; and such company can not insist that one debenture shall be tendered for each shipment. Upon such a contract the freight of several shipments may be added together, and a demand made that one-half, or any less amount, of it be paid by acceptance of debentures.

JUDGMENT.—*Motion to Modify.—Bill of Exceptions.*—A motion to modify a judgment can only be presented on appeal by a bill of exceptions.

PLEADING.—*Exhibit.—Judgment.*—Where a judgment or decree is the foundation of the action, it is not necessary to file a copy of it with the complaint.

From the Pike Circuit Court.

*J. E. Iglehart, E. Taylor* and *E. A. Ely,* for appellant.

*E. P. Richardson* and *A. H. Taylor,* for appellee.

BLACK, J.—The court rendered a special finding, and counsel in argument have presented, first, the question whether the court erred in its conclusions of law. The facts were found, in substance, as follows:

The Indianapolis and Evansville Railway Company was organized to construct a railroad from Evansville, Indiana, to a junction with the Ohio and Mississippi Railroad in Daviess county, in this State, and on the 18th of March, 1884, it had constructed and operated said road in part, and assumed to own and control a railroad between said points through the town of Petersburgh, Indiana. Said company had executed its mortgage to Roache and Henning, trustees, for one million dollars, and on the day above mentioned, in a suit in the Superior Court of Vanderburgh county, wherein said trustees were plaintiffs, and said company and others were defendants, a decree was rendered foreclosing said mortgage, and ordering the sale of the property therein described, being that portion of the railway of said company " as the same is or may hereafter be constructed, extending from the city of Evansville through the counties of Vanderburgh, Warrick, Gibson, Pike, and Daviess, in said State of Indiana, to a junction with the Ohio and Mississippi Railway, in

said State of Indiana, together with," etc., including all property, rights, powers, privileges, and franchises then owned, or thereafter to be acquired for the construction, maintenance and operation of said railway.

In said foreclosure proceeding one C. J. Hepburn had been appointed receiver of said company and its property, and was acting as such at the date of said decree, by the terms of which he was directed, in the name of said company, to execute debentures of the tenor and effect as follows:

"No. ——                                   $100.00.

"INDIANAPOLIS AND EVANSVILLE RAILWAY COMPANY.
    "*State of Indiana.*            *Traffic Debenture.*

"The Indianapolis and Evansville Railway Company and the undersigned receiver and his successors will receive from the holder thereof the warrants hereto attached, at the full face value thereof, on account of any sum due to said company, or said receiver, for tickets or freight over its line, from and after this date and for and during the period of twenty years from and after the date of the confirmation of the sale of said railway company, its property and franchises, to be made under the decree of foreclosure of the superior court of Vanderburgh county, decreeing the foreclosure of the mortgage set out in the complaint, in the suit of Addison L. Roache and Matthew Henning, trustees, against said company and divers other parties, which decree is entered in order-book number 6, at page 292, and following:

"Provided, always, that said company and said receiver shall not be required to receive warrants to a greater amount than one-half of the amount then to be paid by the holder hereof to said company or receiver, for tickets or freights, and provided, further, that the last warrant shall never be detached herefrom, but this contract shall be surrendered with said last warrant to the agent or officer of the company receiving the same on account of such payment.

" This debenture and the warrants thereto attached shall be receivable as aforesaid, during said period of time, by the purchaser or purchasers of said railway company, its property and franchises, at the sale thereof to be had under said decree, and by his or their assignees, vendees or grantees, and by the said company, and by the receiver thereof, and by any other company which may succeed to the rights and franchises of said company, and by any other person or corporation who or which shall at any time become the owner or lessee of the said company, or hold title thereto in any form whatsoever.

" This debenture shall be registered in the name of the owner, before it is issued by said receiver, on demand of any person to whom it is issued, so as to be payable only to order, and whenever desired may be transferred so as again to be payable to bearer.

" The warrants attached to this debenture shall be receivable without endorsement, and shall be honored in the hands of every lawful holder.

" This debenture is issued in pursuance of the judgment and decree of the superior court of Vanderburgh county above stated, and all the terms of said decree are taken and held to be parts of this debenture.

" In witness whereof, C. J. Hepburn, receiver of the Indianapolis and Evansville Railway Company (but not individually), has executed this contract, and affixed the seal of said railway company hereto, this first day of May, 1884, at Evansville, Indiana.

" [SEAL.]             C. J. HEPBURN,
" Receiver of the Indianapolis and Evansville
Railway Company."

As a part of said debentures and attached thereto said receiver was directed to execute coupons of the tenor and effect as follows:

" INDIANAPOLIS AND EVANSVILLE RAILWAY COMPANY.

" $2.00. (Two dollars.) $2.00. Receivable as a por-

tion of and in conformity with the provisions of debenture No. ——.                C. J. HEPBURN, Receiver."
" INDIANAPOLIS AND EVANSVILLE RAILWAY COMPANY.
    " $5.00.    (Five dollars.)    $5.00.    Receivable as a portion of and in conformity with the provisions of debenture No. ——.                C. J. HEPBURN, Receiver."

Each of said debentures of one hundred dollars was to have sixteen warrants or coupons of five dollars each, and ten warrants or coupons of two dollars each.

It was provided in said decree that debentures of such form should be delivered to certain of the creditors, mentioned, of said company, and that said warrants should be receivable for one-half of the amount that at any time might be due from the holder of said warrant for tickets or freight payable to said company, or the purchaser or purchasers of the property, rights and franchises of said company, at the sale thereof under said foreclosure, or assignee, or assignees, vendee, or grantee of said purchaser, or purchasers, or any company that might be organized to succeed said Indianapolis and Evansville Railway Company, or to the receiver or to any other person or corporation that should at any time become the owner, or lessee, of said company, or hold title to any property thereof, in any form whatever; that said warrants should be so receivable for twenty years from and after said sale; and that the property of said company should be sold subject to said debentures.

On the 16th of June, 1884, a railroad corporation was organized under the general laws of this State by David J. Mackey and others, in the corporate name and style of the Evansville and Indianapolis Railroad Company, which was formed in contemplation of the sale of said property of the Indianapolis and Evansville Railway Company. On the 26th of June, 1884, the sheriff of Vanderburgh county executed to said new company a deed for said property, described therein as in said decree, which deed was immediately recorded in the office of the recorder of Pike county.

It contained the following: "This conveyance is made subject to the following conditions set out in the decree of said sale aforesaid, and which considerations are by said grantee by the acceptance of this deed acknowledged, to wit, that said grantee, its successors and assigns, have purchased said property and accepted this deed with the express agreement that it takes said property chargeable with certain traffic debentures by the court in said decree ordered to be issued to the parties therein named, and that it will give effect to said debentures according to their strict tenor and effect."

The appellee was the owner and holder of some of the debentures when originally issued. At the commencement of this action, and for five years prior thereto, he was the owner and holder of certain debentures described in his complaint herein, amounting to $842. The finding sets forth the numbers of the debentures so held by appellee, and the numbers and amounts of the coupons belonging to debentures, with the total amount of the warrants belonging to each debenture so held by appellee.

Said new company took possession of said railroad of said old company and operated it in the name of the former, from the southern terminus on the Evansville and Terre Haute Railroad, at a point three and one-half miles north of Evansville, Indiana, to the Ohio and Mississippi Railroad, at a point about one mile west of the city of Washington, Indiana, running through the town of Petersburgh, in Pike county, as well as through Maysville, in Daviess county, said Maysville being about three and one-half miles southwest from said city of Washington, and so continued to operate said road until the 29th of October, 1885. Before that date there was a corporation known as the Evansville, Washington and Brazil Railroad Company, organized to construct a line from Maysville northward through said city of Washington to Worthington, in Greene county, Indiana, and having a line of railroad about completed between said

points; also, there was a corporation known as the Terre Haute and Southeastern Railroad Company, which owned and operated a railroad from Worthington to Terre Haute. At the date last mentioned, said Evansville and Indianapolis Railroad Company, said Evansville, Washington and Brazil Railroad Company, and said Terre Haute and Southeastern Railroad Company were consolidated and became a corporation known as the Evansville and Indianapolis Railroad Company, which has owned, operated and controlled the line of railroad from its southern terminus aforesaid, three and one-half miles north of Evansville, northwardly through Petersburg and to Maysville upon the line of railroad formerly owned by said first named Evansville and Indianapolis Railroad Company, and continuously northward from Maysville over the line of railroad formerly owned by said Evansville, Washington and Brazil Railroad Company, through Washington to Worthington, and thence continuously northward over the railroad formerly owned by the Terre Haute and Southeastern Railroad Company to its northern terminus at Terre Haute, said consolidated company owning and operating said railroad as one continuous line between said terminal points.

Previous to the consolidation, said Evansville and Indianapolis Railroad Company, first named, ran its trains into the city of Washington over a track connecting with the Ohio and Mississippi Railroad, about one mile west of said city, and thence over the Ohio and Mississippi Railroad into said city, under a contract with the Ohio and Mississippi Railway Company, and ran its trains from its southern terminus upon the track of the Evansville and Terre Haute Railroad into Evansville, and used the depot, offices and terminal facilities of the Evansville and Terre Haute Railroad Company, under contract with it. The consolidated company took up the connecting track between Maysville and the junction, one mile west of Washington, and ceased to use it. Since the consolidation the consolidated company

has operated its freight and passenger trains from its said southern terminus over the Evansville and Terre Haute Railroad into Evansville, using substantially the same terminal facilities as above described, under an arrangement with said Evansville and Terre Haute Railroad Company. The distance over said continuous line from Petersburg through Maysville to Washington is eighteen miles, from Maysville to Washington three and one-half miles, from Washington to Worthington forty miles, from Worthington to Terre Haute forty miles.

The reasonable value of freight from Washington to Maysville was one-fourth of that from Washington to Petersburg; that from Worthington to Washington and from Washington to Maysville, and also that from Terre Haute to Washington and Maysville, were each equal, mile for mile, with that between Maysville and Petersburg.

Said Evansville and Indianapolis Railroad Company, previous to the consolidation, and the consolidated company made an arrangement with said Evansville and Terre Haute Railroad Company, which had continued till the trial herein, whereby, for the use of the track of said Evansville and Terre Haute Company, for said three and one-half miles north of Evansville, and for the use of said terminal facilities in Evansville, said Evansville and Terre Haute Railroad Company should be paid by the other party to the arrangement, for passengers and freight, certain rates set out in the finding.

The plaintiff, the appellee, was a merchant in Petersburg, and in the usual course of business purchased goods to be shipped from Evansville and from points east of Washington and north of Worthington and Terre Haute, and east of Evansville, over the lines of other railroads, to and with the railroad formerly owned by said Evansville and Indianapolis Railroad Company before consolidation, and, after the consolidation, over the road of the consolidated company, said goods being carried, when they came to Peters-

burg from the north, under the contract for terminal facilities, while it existed, with said Ohio and Mississippi Railroad Company, and when they came to Petersburg from the south under said contract with the Evansville and Terre Haute Railroad Company, which last-mentioned contract was not disclosed to the appellee. The bills for freight from Evansville were made up by the appellant and presented to the appellee for payment as due the appellant alone. Goods consigned to the appellee by rail as aforesaid from Boston, New York, Philadelphia, Saginaw, Chicago, Indianapolis, Cincinnati and elsewhere, arrived at Petersburg over said railroad subject to freight charges earned not only by said Evansville and Indianapolis Railroad Company, previous to consolidation, and by said consolidated company, but also by other and connecting lines of railroad over which the goods had been transported; and the bills of freight rendered to the appellee embraced all said railroad charges.

The court, in its finding, made a detailed statement showing dates between July, 1884, and September, 1889, of arrival of goods at Petersburg, the places from which they were shipped, the advance freight charges or amounts due to railroad companies other than the Evansville and Indianapolis Railroad Company, the total amounts due said company, the total freight charges on the goods, the freight charges between Petersburg and Maysville and between Petersburg and the Evansville and Terre Haute junction, and the amount of debenture coupons tendered by the appellee in part payment of such charges respectively. It was found in this connection that at the dates of the tenders the appellee owned the debentures so owned at the commencement of this action; that on each particular occasion the appellee tendered in debenture coupons less than one-half of the total charges upon the goods, and tendered the remainder of said charges in cash. On such occasions no attempt was made by the railroad company or by the appellee to separate

the portion of the freight charges due the Evansville and Indianapolis Railroad Company from what had been earned by other connecting lines; but the railroad company at Petersburg rendered the bills for a gross amount, embracing freights due all connecting lines for each carriage. On some of the occasions of making such tenders, the appellee added the several items of freight accruing on several shipments of goods which arrived on the same day, and in making the tender treated the aggregate of freights for goods received on one day as a single sum under which to make a tender. All the coupons so tendered in part payment for freight at various times amounted, as shown by the finding, to $283. But the Evansville and Indianapolis Railroad Company, before consolidation, and the consolidated company, refused to receive said debentures as so tendered by the appellee, who thereupon paid the whole amount of the respective freight charges in cash.

The amounts so paid, in cases where there were tenders of debentures, were in no case less than four dollars. But during the period between the issuing of said debentures and the bringing of this action, the appellee received many other consignments in the same manner, the freight charge on each shipment being less than four dollars, all of which charges he paid at the time of receiving the goods, the total amount so paid in smaller sums than four dollars being the sum of $1,634.11. After such aggregate amount had been paid and before bringing this action, the appellee, claiming the right to tender the whole of said debentures to the appellant, did so, but the appellant refused to receive them.

The appellee did not in any of said tenders of debentures tender the exact amount of one-half of all the freights due upon any of the shipments, or the exact one-half of the freight due the Evansville and Indianapolis Railroad Company upon any one of said shipments. Said company did not have any depot at the Evansville and Terre Haute junction, but its trains ran out of Evansville, and the freight

bills did not disclose any sum due to the Evansville and Terre Haute Railroad Company, or share due for the haul over the newly-constructed or consolidated lines north of Maysville.

The finding shows shipments of certain car load lots by the appellant to the appellee from Evansville to Petersburg at certain dates, on which, at the several times, freight bills were presented to the appellee, and he tendered debentures as follows:

|  | Total freight charges. | Debentures tendered. |
|---|---|---|
| December 14th, 1885, one car load | $15 | $7 |
| April 13th, 1886, one car load | 15 | 7 |
| April 17th, 1887, one car load | 21 | 10 |
| March 12th, 1888, one car load | 17 | 7 |
| May 29th, 1888, one car load | 17 | 7 |

For each of these shipments the freight bills were made up as due the appellant alone. The appellee, at the time the freight bills were presented for payment, tendered debentures to the local agent at Petersburg in part payment, at the same time tendering the remainder in cash, but appellant's agent, acting under authority of his superior officers, refused to accept said debentures in part payment of said freight bills or either of them, and the appellee was compelled to pay and did pay each of said freight bills in cash. Soon after the last-mentioned date, and more than one year before the commencement of this suit, appellee applied to the general officers of the appellant and notified them of the action of the local agent and demanded of said officers relief, and that said debentures be received and accepted by appellant in payment of freights, according to their tenor and effect; whereupon the general manager of the appellant informed appellee that the company could do nothing for him in the way of accepting said debentures; that the company regarded them as illegal and unjust. Afterward, before the commencement of this action, and while appellee

was at the appellant's office at Petersburg for the purpose of receiving freight and paying the charges thereon, he tendered a debenture in part payment of the freights, whereupon appellant's local agent warned appellee that if he came there again tendering debentures, he would cause his arrest. Before the commencement of this suit, appellant's officers and agents notified appellee that appellant so construed the contract in reference to said debentures that they were receivable for freights or tickets only on freights or passage accruing from points between the junction of the Evansville and Terre Haute Railroad, near Evansville, and Maysville, and then only when the debenture amounted to exactly one-half the amount due the company for freights and tickets.

Upon the foregoing facts the court stated the conclusions of law as follows:

1. That the Evansville and Indianapolis Railroad Company existing before said consolidation, as the holder of said sheriff's deed, and the purchaser at said judicial sale, took the property described in said deed subject to said debenture coupons, and it and the appellant, as its successor in law, was under obligation to receive said debenture coupons according to their tenor and effect.

2. That said debentures can not be used with the appellant for freight charges earned upon connecting lines of railroad other than the railroad of the appellant.

3. That said debentures can not be used in payment of freights where the total amount of such freight is less than four dollars; and for the purpose of ascertaining upon what freight charges debenture coupons can be tendered, it is not proper to add together several freight charges each less than four dollars, in the aggregate more than four dollars, which have been paid at different times, and where, at the time the same have been paid, respectively, they have been each less than four dollars.

4. That the actions and declarations of appellant's officers and agents amounted to a breach by renunciation of the

contract provided for in the decree of the Vanderburgh Superior Court and set forth in the deed from the sheriff of Vanderburgh county to the Evansville and Indianapolis Railroad Company ; and the appellant, for at least one year before the bringing of this suit, had not given effect to said debentures according to their strict tenor and effect, but, on the contrary, as to the debentures held by the appellee, by refusing to accept some of them in payment under circumstances stated, by placing a narrow and unreasonable construction on the contract, and asserting their invalidity generally, had, in effect, repudiated the contract *in omnibus.*

5. That the appellee was not bound to make any further tender or to wait until other freight bills were due, or offer them in payment for tickets, but had the right to treat the action of the appellant as a breach of the entire contract as to all debentures held by him at the time.

6. That while the agreement to pay the debentures in freight or tickets was for the benefit of the debtor, yet when it was not discharged at maturity, or was repudiated by the appellant, the holder of said debentures then had the right to treat the contract as an agreement to pay in cash, and could maintain an action of assumpsit thereon.

" That by reason of the facts found, there is now due the plaintiff from the defendant company the face value of the debentures so owned and held by him at the beginning of this suit," $842, " together with the further sum of $35 interest thereon since the beginning of this suit, in all the sum of $877."

In discussing the conclusions of law, the learned counsel for appellant contend that the traffic debentures and warrants, or coupons, attached thereto, were receivable only for freights or passage when the equal and exact one-half of the amount of freight or passage charges to be paid could be paid thereby, and that the appellant was not bound to receive such warrants in part payment where a sum amounting to more than one-half of the charges to be paid was tendered in cash and

the remainder of the amount of the charges was tendered in warrants.

We can not regard such a construction as in accordance with the tenor and effect of the debentures.

The form of the debentures and their warrants was prescribed by the decree pursuant to which they were issued. The contents of the debenture with its warrants constituted a part of the decree. By the language of each debenture its warrants were to be received, at the full face value thereof, on account of any sum due for tickets or freight over the line of the Indianapolis and Evansville Railway Company; but it was provided that it could not be required that they be received " to a greater amount than one-half of the amount then to be paid " by the holder for tickets or freights. This proviso is manifestly for the benefit of the debtor. Without it the warrants, by the other terms of the debenture, would have been receivable for the full amount of any sum so due for tickets or freights. It was the intention that the debtor company should be entitled to demand at least one-half of its charges for freight or tickets in cash, but it was not provided or intended that the warrants should not be receivable for a portion of the charges less than one-half thereof where the remainder thereof was paid or tendered in cash.

The construction proposed by the appellant of the provision so inserted for its benefit would unwarrantably narrow the benefit intended for the holder of the debenture.

It is said by counsel for the appellant that " the conclusion of law stated by the court is, that the consolidated company was bound to receive the debentures for freight earned over the whole of its lines."

The conclusions of law above set out do not contain such a statement, or any statement of like meaning. One of the conclusions was, " that said debentures can not be used with the defendant for freight charges earned upon connecting lines of railroad other than the railroad of the defendant."

This is not by any means a conclusion that the debentures were receivable upon all the lines of the consolidated company.

The finding discloses that there were some tenders of warrants in part payment for freights from Evansville to Petersburg, where the amount of the warrants tendered was less than one-half the freight earned between the Evansville and Terre Haute junction and the town of Petersburg.

It is shown in the finding that for shipments from Evansville to Petersburg, where, in each case, less than one-half the amount of freight charge was tendered in warrants, the freight bills were made up as due the appellant alone. It is shown that in other cases, where tenders of warrants were made at the times of the presentation of freight bills, each of such bills was rendered for a gross amount, embracing therein the freights due all connecting lines, including the Evansville and Indianapolis Railroad Company.

It is not expressly indicated whether or not the court considered that, in case of a carriage from Evansville to Petersburg, warrants might be tendered for the freight earned over the railroad from Evansville to the E. & T. H. junction, as well as for the freight earned from the junction to Petersburg.

In view of other features of the case it was not necessary that this question should be nicely considered.

For some years the appellee had been the owner and holder of a number of debentures and warrants. During that period he had been receiving, frequently, goods shipped to him over the railroad acquired by the appellant through the sheriff's deed and the consolidation. For the part payment of freights due for the carriage of such goods he had been tendering such warrants from time to time, and continuously, to the local agent of the railroad company, who, acting under authority of his superior officers, had constantly refused to accept the warrants, and the appellee had been compelled to pay all such freights in cash. Thereafter the

appellee applied to the general officers of the appellant, and notified them of the action of said local agent, and demanded of the general officers relief, and demanded that the debentures be received and accepted by the appellant in payment of freights according to their tenor and effect. Thereupon the general manager of the appellant informed the appellee that the company could do nothing for him in the way of accepting the debentures, and that the company regarded them as illegal and unjust. The demand of the appellee, on this occasion, was that the debentures be received and accepted according to their tenor and effect.

The freight bills had been made up and presented by the appellant to the appellee in such form that it was impossible for him to know therefrom what portion of the freight charged therein had been so earned that it was not payable in part by warrants. Instead of objecting to the manner or purpose of the tenders already made, and proposing an arrangement for the acceptance of the debentures which would be according to their tenor and effect, the appellant pronounced the debentures invalid, and announced that they would not be accepted. Afterward, when the appellee tendered a debenture in part payment of freights, the appellant's agent threatened him with arrest if he should tender debentures again; and at some time, before the commencement of suit, the appellee was notified that the appellant so construed the contract that the debentures were receivable for freights or tickets between certain points, and then only for exactly one-half the amount due the appellant for freights or tickets.

By the acceptance of the sheriff's deed the grantee therein and the appellant were under obligation to receive the debentures according to their tenor and effect.

The time for the performance of the contract on the part of the debtor, the time for the acceptance of the warrants, arrived when the warrants were tendered according to contract. There was no distinction between the debentures or

warrants as to the order in which they should be presented in part payment. The appellee had the right to have all the debentures with their warrants treated by the appellant as validly subsisting obligations. By the appellant's renunciation of the contract all the debentures and warrants alike were at once dishonored and repudiated, and the appellee at once, as to each and all the debentures held by him, was deprived of an advantage to which he was entitled as such holder. He had a right to treat the renunciation as a breach of contract as to all the debentures and warrants held by him at the time, and it was not necessary to his cause of action for such breach that he should wait until he had tendered all the warrants in part payment for freights or tickets. The question whether or not the tenders of warrants which the appellee had made prior to such renunciation were made in accordance with the tenor and effect of the debentures, or in cases in which the debtor was bound to accept the warrants, is not necessarily involved.

The action is not based upon the rejection of particular warrants tendered for part payment of freights or tickets for which the appellee was indebted. The appellee had a right of action for the whole amount of the debentures owned and held by him, without having tendered them, because they had all been repudiated by the appellant.

So, if the appellee, being ready and willing to perform the contract, was notified by the appellant that it construed the contract so as to make the debentures receivable only in a way contrary to their tenor and effect, this was a notification that the appellant did not regard itself as bound by the contract, and amounted to a renunciation of the contract, and the appellee was not obliged thereafter to tender debentures for acceptance according to their tenor and effect, but might bring his action at once for the recovery of the amount in money for which the debentures were by their terms receivable in part payment of freights or tickets. *Hochster* v. *De La Tour*, 2 E. & B., Q. B. (75 E. C. L. Rep.) 678; *Frost*

The Evansville and Indianapolis Railroad Company *v.* Frank.

v. *Knight,* L. R. 7 Exch. 111; *Cort* v. *Ambergate, etc., R. W. Co.,* 17 A. & E. (N. S.) 127; *Hinckley* v. *Pittsburgh, etc., Co.,* 121 U. S. 264; *Bond* v. *Carpenter* (R. I.), 8 Atl. Rep. 539; *Canda* v. *Wick,* 100 N. Y. 127; *Bell* v. *Hoffman,* 92 N. C. 273; *Hanna* v. *Phelps,* 7 Ind. 21; *Turner* v. *Parry,* 27 Ind. 163; *Hawley* v. *Smith,* 45 Ind. 183; *Blair* v. *Hamilton,* 48 Ind. 32; *Vinton* v. *Baldwin,* 95 Ind. 433; *Harshman* v. *Mitchell,* 117 Ind. 312; *Phœnix M. L. Ins. Co.* v. *Hinesley,* 75 Ind. 1; *Burns* v. *Fox,* 113 Ind. 205.

Under an assignment that the court erred in overruling the appellant's motion for a new trial, it is contended that if the appellee was entitled to recover, the amount of the recovery could not exceed the sum of the coupons actually tendered for part payment of freights. This position, as we have shown, is not well taken.

It has been sought to present the question whether the court erred in overruling a motion made by the appellant to modify the judgment; but the grounds of the motion are not shown by bill of exceptions. Therefore the question is not properly before this court. *Whipple* v. *Shewalter,* 91 Ind. 114; *Quill* v. *Gallivan,* 108 Ind. 235.

Lastly, under an assignment that the court erred in sustaining demurrers to certain paragraphs of answer, it is contended that the demurrers should have been carried back and sustained to the complaint, for the reason that a copy of the decree directing the issuing of the debentures was not filed with or made part of the complaint. It has long been settled that even where a judgment, or decree, is the foundation of the action, it is not necessary to file a copy thereof with the complaint.

This was not a suit upon a judgment or decree, and the provisions of the decree mentioned in the complaint were sufficiently recited for the purposes of the action.

The judgment is affirmed, with costs.

Filed Nov. 12, 1891.