## WILLIAM WHARTON, JR., & CO. *v.* WINCH.

*(Common Pleas of New York City and County, General Term.* June 6, 1892.)

1. DAMAGES FOR BREACH OF CONTRACT—PROSPECTIVE PROFITS.

   In an action for failure to pay stipulated installments for work done under a contract, plaintiff, who refused to proceed with the work, is not entitled to claim as damages the profits he would have earned if he had completed the contract, where performance by him was neither made dependent on such payment by the contract, nor prevented by the nonpayment and other acts of defendant.

2. SAME—INSTRUCTIONS.

   In such case a verdict is properly directed for defendant, where plaintiff has received from the defendant money and property which equals in value the work done and materials furnished by plaintiff.

Appeal from trial term.

Action by William Wharton, Jr., & Co. against Charles F. Winch for breach of contract. Verdict directed for defendant, and plaintiff's motion for a new trial on exceptions directed to be heard at general term in the first instance. Denied.

Argued before DALY, C. J., and BISCHOFF, J.

*Strong & Cadwalader,* (*George W. Wickersham,* of counsel,) for plaintiff. *Edward Swann,* (*C. E. Rushmore,* of counsel,) for defendant.

DALY, C. J. By the contract between the parties to this action the plaintiff agreed to furnish materials and lay two and a half miles of double track for a street railroad in Lincoln, Neb., for the sum of $56,000; $12,000 to be paid when each half mile was completed. It was also agreed that defendant should pay in advance the value of the material as delivered for the work, a deduction to be allowed from the payment for each half mile for the material used in its construction. The first material delivered was of the value of $12,500, but defendant paid only $4,000 on account thereof. Nevertheless plaintiff, upon repeated promises to pay the balance, went on and laid a half mile of single track, but, failing to receive such balance, discontinued the work and brought this action to recover damages, claiming the prospective profits of the whole contract, together with the value of the work actually done. Prospective profits as damages for breach of contract are not allowed in all cases. They are recoverable where the breach prevents performance by the other party, and thus deprives him of the opportunity to earn his profits under the contract, as where there is a refusal to accept performance or to permit it; and the plaintiff's claim, therefore, is "substantially one for not accepting goods bargained and sold." *Masterton* v. *City of Brooklyn,* 7 Hill, 61; *Railroad Co.* v. *Howard,* 13 How. 307; *Canda* v. *Wick,* 100 N. Y. 127, 2 N. E. Rep. 381; *Underhill* v. *Gas-Light Co.,* 36 Barb, 354; *Hill* v. *Blake,* 97 N. Y. 216; *Pope* v. *Porter,* 102 N. Y. 366, 7 N. E. Rep. 304; *Norrington* v. *Wright,* 115 U. S. 188, 6 Sup. Ct. Rep. 12. Prospective profits are also recoverable where the breach complained of is the failure to fulfill an obligation which is a condition precedent to performance by the other party, and upon the fulfillment of which such performance is dependent. *Mansfield* v.

*Railroad Co.*, 102 N. Y. 206, 6 N. E. Rep. 386. Where the conduct of the party in default evinces an intention to abandon the contract, or not to be bound by it, the effect is the same as where his act prevents performance by the injured party. *Norrington* v. *Wright*, above; *Mersey, etc., Co.* v. *Naylor*, 9 App. Cas. 434–439. A failure to make stipulated payments of money for installments of work done under a contract is not, in the absence of special provision in the agreement or peculiar circumstances, a breach of a condition precedent to performance by the other party. It is, ordinarily, an obligation which does not precede but follows performance under a contract for work, labor, and materials, (cases last cited;) and while default in payment of an installment may justify the aggrieved party in suspending the balance of the work or terminating the whole contract, because default in a payment may, like default in the performance of any part of the work, be a breach of the whole contract, (*Gardner* v. *Clark*, 21 N. Y. 399; *Catlin* v. *Tobias*, 26 N. Y. 217; *Woolen Co.* v. *Martin*, 5 Daly, 417,) yet the continuance of the work, or its completion, is not necessarily dependent upon payment for a portion already performed.

It cannot be argued that the failure of defendant to make the payment complained of prevented in any way the plaintiff from continuing and completing its work, and it only remains to consider whether the acts of the defendant afforded any ground for the inference of an intention to terminate the contract or not to be bound by it. The evidence wholly fails to support such a contention. The situation of the defendant appeared to be simply one of temporary pecuniary embarrassment. He experienced difficulty in raising the money to pay the $8,500 balance due for the materials delivered at the work, but the extensive correspondence of the parties shows that he repeatedly urged the plaintiff to proceed, with promises of money to be raised if progress were made with the work. He had paid $4,000 in cash on account with the material, and had previously turned over to the plaintiff rails of the agreed value of $5,560.22, for which he was entitled to a credit of $5,000. on the final payment under the contract. Part of these rails were used in laying the half-mile track, and the rest were in plaintiff's possession. At the time the latter stopped work it had received from defendant money and property to the amount of $9,560.22 as against $5,600, the value of the whole work done in laying the half mile of single track. This fact alone is almost conclusive against the inference that defendant intended to put an end to the contract, or to prevent plaintiff from completing it, or to evade responsibility himself on account of it. There being in this case, therefore, merely a default in the payment of an installment due, and performance by plaintiff not being dependent upon such payment, nor prevented by the nonpayment, the plaintiff was not entitled to claim as damages the profits it would have earned if it had gone on and completed the contract, (*Moore* v. *Taylor*, 42 Hun, 45;) but it had the right to refuse to proceed further with the contract, and to sue for a recovery for the work actually done, (*Flaherty* v. *Miner*, 123 N. Y. 382, 25 N. E. Rep. 418; *Canal Co.* v. *Gordon*, 6 Wall. 561; *Phillips, etc., Co.* v. *Seymour*, 91 U. S. 646.)

The plaintiff availed itself of its right to refuse to proceed with the work, and in effect rescinded the contract. This is apparent from plaintiff's letters notifying defendant that no more than the half mile of single track would be laid until the money due was paid, and also that in view of defendant's breach plaintiff did not consider itself further bound by the contract; and, finally, by the ultimate abandonment of the work by plaintiff before this action was commenced. This entitles plaintiff to recover for the value of the work and materials already done and furnished in laying the half mile of single track. The value of this work is $5,600, but, as the contract is rescinded, the defendant is entitled to set off against that sum the $9,650 which plaintiff has already received to be credited on future payments. Nothing,

therefore, is due plaintiff, and the direction of a verdict in favor of the defendant was proper. Motion for a new trial denied, and judgment ordered for defendant, with costs.