We are of the opinion the judgment of the court below should be reversed, and a new trial granted. So ordered, but without costs of this appeal to either party.

---

## BALTIMORE & O. R. CO. v. LOWENSTEIN.

(Supreme Court, Appellate Division, First Department. January 21, 1916.)

1. SALES ⬤�き2—CONTRACTS—WHAT LAW GOVERNS.

   A contract of sale, made and to be performed outside the state, is not governed by Personal Property Law (Consol. Laws, c. 41) § 126, subd. 1, added by Laws 1911, c. 571, providing that, unless otherwise agreed, the buyer of goods is not bound to accept delivery by installments, but by the law of the place where made.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 2; Dec. Dig. ⬤�き2.]

2. EVIDENCE ⬤�き80—PRESUMPTIONS—FOREIGN LAW.

   Such law of the place will be presumed to correspond with the common law of the state, without proof to the contrary.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 101; Dec. Dig. ⬤�き80.]

3. SALES ⬤�き153—CONTRACTS—DELIVERY IN INSTALLMENTS.

   Under a contract to buy 75,000 pounds of scrap, where the seller issued to the buyer a certificate of the buyer's purchase of that amount of scrap at a certain price, "Delivery, f. o. b. B. & O. R. R. tracks at where located; shipment, at our convenience within 30 days from date," a tender of 70,050 pounds of said scrap before the termination of the time for delivery was within the terms of the contract.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 358–366; Dec. Dig. ⬤�き153.]

4. SALES ⬤�き153—ANTICIPATORY BREACH—LIABILITY.

   In such case the buyer's refusal to accept the goods tendered and his repudiation of the contract constituted an anticipatory breach thereof, excusing further tender, and giving rise to a cause of action for the breach.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 358–366; Dec. Dig. ⬤�き153.]

Appeal from Appellate Term, First Department.

Action by the Baltimore & Ohio Railroad Company against Benjamin Lowenstein, doing business under the registered trade-name of Tottenville Copper Company. From a determination of the Appellate Term, affirming a judgment of the City Court dismissing the complaint, with costs, on motion of the defendant at the opening of the trial for judgment on the pleadings, plaintiff appeals. Determination and judgment reversed, and new trial ordered.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Marvin W. Wynne, of New York City, for appellant.
Samuel Fleischman, of New York City, for respondent.

PAGE, J. The complaint alleges that on June 9, 1913, the defendant offered in writing to purchase of the plaintiff all or any part of 100,000 pounds of scrap then for sale by the plaintiff upon certain

---

terms and conditions at 13¼ cents per pound; that on June 11, 1913, the plaintiff accepted the said offer to the extent of 75,000 pounds and issued to the defendant a certificate of purchase as follows:

"This certifies that Tottenville Copper Co., Tottenville, N. Y., has purchased the following scrap: 75,000 lbs. brass borings and turnings clear $13.25 per cwt. Delivery, f. o. b. B. & O. R. R. tracks at where located; shipment, at our convenience within 30 days from date."

The certificate specified other terms immaterial to this controversy, which are therefore omitted. It was dated "Baltimore, Md. 6/11, 1913."

The complaint further alleges that the plaintiff duly performed all the conditions of said contract on its part to be performed, and on or about the 16th day of June, 1913, notified the defendant that it was ready and willing to deliver to the defendant 70,050 pounds of said scrap at the city of Baltimore pursuant to the terms of said contract, but that prior to the expiration of the time appointed for the delivery of said scrap the defendant notified the plaintiff that he would not accept the same and would not carry out the terms of said agreement. It also alleges that plaintiff was ready, willing, and able to deliver said scrap to the defendant but for the defendant's said refusal. The complaint then alleges that upon said refusal the plaintiff duly notified the defendant that it would sell the said scrap for his account, and did sell it in the open market for 12 cents per pound, which was the full market value thereof at the said time and place. Damage of $875 is thus shown and demanded.

[1, 2] The contention of the defendant respondent is that, under Personal Property Law, § 126, subd. 1 (Laws of 1911, c. 571), providing that, "unless otherwise agreed, the buyer of goods is not bound to accept delivery thereof by installments," the plaintiff's offer of delivery of only 70,050 pounds was not in accordance with the contract to sell 75,000 pounds, and the defendant committed no breach of the contract in refusing to accept that quantity. The contract was made and to be performed outside the state of New York, and is therefore not governed by the statute relied upon, but by the law of the place where the agreement was made (Valk v. Erie R. R., 130 App. Div. 446, 114 N. Y. Supp. 964), which will be presumed to correspond with the common law of this state, in the absence of proof to the contrary.

[3, 4] Under our common law, the provision of the contract that plaintiff was to make delivery "At our convenience within 30 days from date" might well be construed to comprehend a delivery in installments, if such delivery happened to be more convenient for the plaintiff. Canda v. Wick, 100 N. Y. 127, 2 N. E. 381. The words "at our convenience" must, under the circumstances shown by the exhibits by which the contract was evidenced, be construed to mean either in such quantities as might be most convenient for the shipper, or at such time as would best suit its convenience. As the following words, "within 30 days from date," clearly fixed the period within which delivery could be made, effect can only be given to the words "at our convenience" by adopting the former construction, namely, in quantities suitable to the shipper's convenience. This construction is also aided

by the fact that the circular offering the scrap for sale showed that it was distributed at various shops of the plaintiff at Baltimore, Cumberland, Md., Cleveland, Ohio, and four or five other places, and the place of delivery named in the contract was "B. & O. R. R. tracks at where located," thus giving plaintiff the option to deliver on its tracks at the various places at which the scrap happened to be situated. Under these circumstances a tender of 70,050 pounds of scrap before the termination of the time for delivery was within the terms of the agreement, and refusal of the defendant to accept it and its repudiation of the contract constituted an anticipatory breach of the contract, excusing further tender on the part of plaintiff, and giving rise to a cause of action for the breach. Wester v. Casein Co. of Amer., 206 N. Y. 506, 100 N. E. 488, Ann. Cas. 1914B, 377, and cases cited.

The determination of the Appellate Term and the judgment of the City Court should be reversed, and a new trial ordered, with costs to the appellants in all courts to abide the event. All concur.

---

### CARROLL v. BLUM.

(Supreme Court, Appellate Term, First Department.   January 14, 1916.)

APPEAL AND ERROR ☞1046—REVIEW—HARMLESS ERROR.

Though the trial judge was absent from the courtroom during the entire summation of counsel for both sides, that does not warrant a new trial, where it was admitted that no prejudice had been caused by the judge's absence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4128–4131, 4134; Dec. Dig. ☞1046.]

Appeal from City Court of New York, Special Term.

Action by Thomas B. Carroll against Max D. Blum. From a judgment entered on verdict of the jury, and an order denying a new trial, defendant appeals. Affirmed.

See, also, 152 N. Y. Supp. 961.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Slade & Slade, of New York City (Maxwell Slade and David Slade, both of New York City, of counsel), for appellant.

Howard J. Bloomer, of New York City (Leo Levy and Alex. Davis, both of New York City, of counsel), for respondent.