ALCORN
v.
HARMONSON.

Wednesday,
May 13.

## ALCORN *v.* HARMONSON.

A person entered into possession of real estate under a parol contract, by which the lessee was to have a written lease for the premises for 7 years, and was to make certain improvements thereon. After a part of the work had been done, and long before the expiration of the term, the lessor refused to execute the lease, and obliged the lessee to quit the premises. *Held*, that the lessor, having rescinded the special contract, was liable to the lessee, in indebitatus assumpsit, for the work performed.

ERROR to the *Marion* Circuit Court.

SCOTT, J.—Action on the case on promises, before a justice of the peace. Judgment for defendant. Appeal to the Circuit Court. Verdict and judgment in the Circuit Court in favour of *Harmonson*, the appellant, for 48 dollars and 50 cents. Writ of error.

Wednesday,
May 13.

A bill of exceptions, made part of the record, states, that *Alcorn* agreed, by parol, to give *Harmonson* a lease for seven years of an unimproved tract of land. *Harmonson* was to clear twenty acres, build a cabin, dig a well, and do some other work, and was to have a lease in writing. In pursuance of this agreement, *Harmonson* went on the land, cleared about nine acres, built a cabin, dug a well, and performed certain other labour, and continued on the premises about two years. *Alcorn* refused to execute a lease, and gave *Harmonson* notice to quit the premises, which he did accordingly, and brought this suit to recover a compensation for his labour. It is alleged here, as error, that the contract, being by parol, was void under the statute of frauds, and that the plaintiff could not recover on a general count in assumpsit, on proof of a special agreement.

This agreement, being by parol, was not available under our statute, as a lease for seven years; it could have no greater force or effect than a lease at will. The lessor had the power to determine the interest of the lessee; which he did, by giving him notice to leave the premises; and, by this act, he rescinded the contract for a seven years' lease. Where money has been paid, upon a contract which is afterwards rescinded by the act of the defendant, it has been held that the plaintiff has a right to recover back the money. 2 Stark. Ev. 116.—1 T. R. 133.—7 T. R. 177. And no reason exists why the value of labour, performed upon such a contract, should not be recovered on the same principle. Although the parol contract was not binding as a lease for a term of years, it might be used to show that *Harmonson* was not on the premises as a trespasser, but that the labour was done with the consent and at the request of the defendant; and he, having rescinded the agreement by which the plaintiff was induced to perform the labour, left no special contract in existence which could bar the plaintiff's right to recover the value of the improvements in this form of action.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*Gregg*, for the plaintiff.
*Fletcher* and *Brown*, for the defendant.