ALICE S. BLACKINTON *vs.* JAMES O. BLACKINTON & another.

To a petition by a widow to a probate court for an allowance out of her husband's estate, it is no defence, that by a marriage contract she released all claim upon his estate.

APPEAL by James O. Blackinton and Chauncey G. Fuller, executors of the will of Ellis Blackinton, from a decree of the Probate Court, on a petition of the appellee, the widow of the testator, making her an allowance of $400 as necessaries.

At the hearing in this court, before *Wells*, J., the executors put in evidence a marriage contract between the testator and the petitioner, by her maiden name of Alice S. Swallow, by which the petitioner, in consideration of $100, to be paid to her out of her husband's estate, within one year from his death, relinquished all claim on any part of his estate, real or personal. The executors also introduced evidence that within one year after the testator's death they tendered the $100 mentioned in the contract

to the petitioner; and they contended that the contract was a bar to her petition. The judge affirmed the decree of the Probate Court, the petitioner appealed, and the judge reported the case for the determination of the full court. If the court should be of opinion that the petitioner was entitled to an allowance out of the personal estate of the deceased, then the decree of the Probate Court to be affirmed; otherwise the petition to be dismissed.

*J. Daggett*, ( *G. Marston* with him,) for the appellants.

*E. Ames*, for the appellee.

COLT, J. The rights, if any, which the legal representatives of Ellis Blackinton now have under the marriage contract cannot be availed of by them in the Probate Court as a bar to his widow's application for an allowance out of his estate. There is no power in that court to try the validity of that contract or to give effect to its provisions. Its jurisdiction over all matters relating to the settlement of the estates of deceased persons is limited and exclusive. The distinction between the probate and the common law courts in this Commonwealth is like that which formerly existed between the ecclesiastical and common law courts of England. The powers of the court of probate are mainly defined by statute, and do not extend to the decision of all controverted questions connected with the settlement of estates. It has no general equity jurisdiction. Nor can this court, as the supreme court of probate, exercise its general equity powers upon an appeal from the court of probate, but it is bound to make only such decree as that court should have made. *Grinnell* v. *Baxter*, 17 Pick. 383. *Peters* v. *Peters*, 8 Cush. 529.

The difficulties in the way of allowing the marriage contract to be set up as an answer to the claim of the widow to her share of the personal estate were considered as insuperable in *Sullings* v. *Richmond*, 5 Allen, 191. *Decree affirmed.*