HERBERT FULLER, administrator, *vs.* JOHN P. T. PERCIVAL & another.

SAME *vs.* SAME & others.

Suffolk.   Nov. 27, 1877. — March 1, 1879.   AMES & LORD, JJ., absent.

B., a member of a firm, of which he and A. were partners, fraudulently made a promissory note in the name of the firm, and delivered it to C., who had knowledge of the fraud. The firm was afterwards dissolved and a receiver appointed. A., after the note became due, and while it was still in the hands of C., no suit having been begun on it, brought a bill in equity against B. and C., the prayer of which was that C. might be ordered to produce and cancel the note and restrained from enforcing it. *Held,* that the bill could be maintained.

B., a member of a firm, of which he and A. were partners, fraudulently made a promissory note in the name of the firm, and delivered it to C., who had knowledge of the fraud. C. delivered it to D., an innocent holder for value. The firm was afterwards dissolved and a receiver appointed. D. brought an action at law upon the note. A. then brought a bill in equity against B. and C., the prayer of which was that C. might be ordered to pay, take up and cancel the note, and be restrained from enforcing it. *Held,* that the bill could not be maintained.

COLT, J.   These are two bills in equity, originally brought by Henry D. Fuller. On his death his administrator was admitted to prosecute them. In both of the bills it is alleged that the notes to which they relate were given by the defendant Gustavus Percival, who with Henry D. Fuller composed the firm of Percival, Fuller & Company; that they were given in the name of the firm, by Gustavus, without the knowledge of his copartner, in fraud of the firm; and that this fraud was known to and participated in by the defendant John P. T. Percival. The two notes for $2500 each, for relief against which the first suit is brought, were notes payable on demand, and are still retained by John. The note for $5000, to which the second suit relates, was payable in ninety days, and was passed by

John to third parties, who claim to be, and upon the allega tions in the bill must be taken to be, innocent holders. The latter have brought an action at law upon the note against the firm, which is now pending, but they are not made parties to the bill.

The oath of the defendants in each case is waived. The prayer in the first case is, that John may be ordered to produce and cancel the two first-named notes, and may be restrained from enforcing them; and in the second, that he may be ordered to pay, take up and cancel the larger note, and be restrained from enforcing it. In each case, a demurrer for want of equity was overruled, and the order appealed from, and a decree for the plaintiff on the final hearing was also appealed from.

The weight of modern authority supports the jurisdiction in equity of suits for the cancellation of written instruments obtained by fraud. It is exercised for the purpose of affording relief against invalid executory contracts in the possession of another, where the invalidity is not apparent on the instrument itself, and where the defence may be nullified by intentional delay to sue until the evidence in support of it is lost. Adams Eq. 174. In *Hamilton* v. *Cummings*, 1 Johns. Ch. 517, Chancellor Kent, after a full and critical examination of the English cases, declares that he is inclined to the opinion, that the jurisdiction is to be upheld whether the instrument is or is not void at law, and whether it be void from matter appearing on its face, or from proof taken in the cause. But further on he adds, that "perhaps the cases may all be reconciled on the general principle, that the exercise of this power is to be regulated by sound discretion, as the circumstances of the individual case may dictate; and that the resort to equity, to be sustained, must be expedient, either because the instrument is liable to abuse from its negotiable nature, or because the defence not arising on its face may be difficult or uncertain at law, or from some other special circumstances peculiar to the case, and rendering a resort here highly proper, and clear of all suspicion of any design to promote expense and litigation."

This doctrine was recognized by this court in *Commercial Ins Co.* v. *McLoon*, 14 Allen, 351, where a bill alleging that the defendant had obtained a policy of insurance by fraud, which

gave him an apparent cause of action, from which the plaintiff was in danger, and praying that the policy might be given up and cancelled, was sustained. See also *Martin* v. *Graves*, 5 Allen, 601; *Peirsoll* v. *Elliott*, 6 Pet. 95; Story Eq. Jur. §§ 694, 700.

As to the first case, the plaintiff upon the allegations in the bill comes within the recognized jurisdiction of the court. The notes are in the possession of a fraudulent holder, who has demanded payment of the plaintiff; they are negotiable, and although overdue may be sued by such holder, or by others to whom he may hereafter transfer them, to the embarrassment of the plaintiff, and no suit at law has yet been commenced upon them. The partnership is dissolved and its affairs are in course of settlement in this court, its effects being in the hands of a receiver. The plaintiff cannot try the question of the partnership liability at law until such time as John P. T. Percival may see fit to bring his action. The settlement of the affairs of the firm must be delayed until the question is settled. And, upon the whole, we are of opinion that the plaintiff is entitled to the relief he seeks. It is more effectual than it can be at law, because it is more speedily afforded, and enables the plaintiff to protect himself before the evidence is lost. In this case the entry must be

*Decree affirmed.*

But different considerations apply to the second suit. An action at law is now pending against the firm, upon the note to which the second suit relates, in favor of the present holders of that note. It is not alleged in this bill that the plaintiff has any defence which can be availed of against the holders of that note. The allegation is that John P. T. Percival fraudulently negotiated it to the present holders for the purpose of enabling them to collect it out of the property of the firm. The plaintiff cannot escape his liability to the holders. Upon the payment of the note he may at once commence an action at law in his own name alone to recover for the fraud alleged to have been practised upon him, and in that action his remedy is full, adequate and complete against the parties to the fraud. *Longman* v. *Pole*, Mood. & Malk. 223. Story Part. § 256. The remedy at law would be as speedy and as effectual as a remedy by decree in this suit requiring the defendant John P. T. Percival to give

bond for the payment of the judgment to be recovered in the pending action at law, or to pay the note and surrender it for cancellation. And in this second case the entry must be

*Bill dismissed.*

*W. B. Gale*, for the defendants.
*C. Allen & H. Wardwell*, for the plaintiff.