## Asa B. Anthony vs. Jefferson B. Valentine.

Bristol. Oct. 27, 1880. — Jan. 8, 1881. Ames & Endicott, JJ., absent.

A bill in equity alleged that the plaintiff, acting as the agent of the defendant, sold certain personal property of the latter to a third person, and gave his own negotiable promissory note to the defendant for a part of the purchase-money, taking at the same time from the purchaser a note for the same amount payable to himself; that this was an arrangement made by all parties for the convenience of the purchaser in paying his note; that the plaintiff gave his own note to the defendant without consideration, and only as a memorandum that the purchaser's note belonged to the defendant, and was held by the plaintiff only for him; and that the defendant agreed that he would make no other use of the note signed by the plaintiff. The prayer of the bill was that the defendant might be restrained from prosecuting a suit at law commenced for the collection of this note; and that the same might be surrendered to the plaintiff; and for other and further relief. *Held*, on demurrer, that the bill could not be maintained.

Colt, J.   This is a bill in equity alleging in substance that the plaintiff, acting as the agent of the defendant, sold certain personal property of the latter to James B. Tennant, and gave his own negotiable promissory note to the defendant for a part of the purchase money, taking at the same time from Tennant a note for the same amount payable to himself. It alleges that this was an arrangement made by all parties for the convenience of Tennant in paying his note; that the plaintiff gave his own note to the defendant without consideration, and only as a memorandum that Tennant's note belonged to the defendant, and was held by the plaintiff only for him; and that the latter agreed that he would make no other use of the note signed by the plaintiff.

The prayer is that the defendant may be restrained from prosecuting his suit at law commenced for the collection of this note; and that the same may be surrendered to the plaintiff; and for such other relief as the nature of the case requires.

The bill is demurred to; and, in our opinion, it fails to state a case within the equity jurisdiction of this court. It is not a bill for the regulation or enforcement of a trust. It does not state that any trust was created, or was intended to be created, between the parties. The note was delivered and was made payable to the defendant. There is no allegation that it was obtained by

fraud, accident or mistake, and, if founded on a good consideration, it is a valid contract. So far as the bill sets up a want of consideration, the difficulty is that it states a defence which can be availed of as effectually in the pending suit at law, as in this suit in equity. *Slade* v. *Hood*, 13 Gray, 97. *Corlies* v. *Howe*, 11 Gray, 125. And see *Hodgkins* v. *Moulton*, 100 Mass. 309.

It is well settled that the rule which excludes parol evidence, when offered to change an unconditional written promise into a conditional or qualified undertaking, is applied with the same force and effect both in law and equity, and prevents the plaintiff in either court from showing, contrary to the terms of the note, that the defendant agreed not to collect it until the note held by the plaintiff had been paid by Tennant.

There is a ground of equity jurisdiction, which supports a bill brought for the purpose of protecting a plaintiff against an invalid contract in the possession of a defendant, when the invalidity is not apparent on the face of the instrument, and when there is danger that the evidence to support a defence to it in a court of law may be lost by the delay of the other party to prosecute his claim. In *Hamilton* v. *Cummings*, 1 Johns. Ch. 517, Chancellor Kent inclines to the opinion that the jurisdiction is to be upheld, whether the instrument is or is not void at law, or whether it be void from matter apparent on its face, or from proof taken in the case; but he adds, "While I assert the authority of the court to sustain such bills, I am not to be understood as encouraging applications where the fitness of the exercise of the power of the court is not pretty strongly displayed." Whatever may be the precise limits of this jurisdiction, however, it is plain that the present case is not brought by proper allegations within it. The charge that the defendant is now proceeding to enforce his note in a suit at law, is entirely inconsistent with the charge that by his unreasonable delay there is danger to the plaintiff of the loss of evidence necessary to a legal defence. *Fuller* v. *Percival*, 126 Mass. 381. When this element does not exist, and the defence is one which may be made equally effectual in a suit at law, it cannot be said that the plaintiff is without a plain, adequate and complete remedy.

Two cases are cited by the plaintiff in support of the jurisdiction in this case. In *Atlantic De Laine Co.* v. *Tredick*, 5 R. I.

171, it does not appear what the allegations of the bill were; the bill was not demurred to; and the case may have been fairly brought within the jurisdiction of the court as a bill to enforce a trust or to procure the cancellation of an invalid written instrument. In *Ferguson* v. *Fisk*, 28 Conn. 501, the suit was plainly maintained on the ground that it stated a case for the cancellation of an acceptance within the authority of *Hamilton* v. *Cummings*, above cited, and also cited in the Connecticut case in support of the decision there made.

*Demurrer sustained.*

*J. M. Morton, Jr.*, for the plaintiff.
*H. K. Braley*, for the defendant.