RUSSELL A. BALLOU *vs.* HORACE BILLINGS & another.

Suffolk. March 12, 1883. — Jan. 2, 1884. DEVENS & W. ALLEN, JJ., absent.

If one party to a contract under seal, which has been partly performed by the other party, totally repudiates it when the other party is not in default, the latter may rescind the contract, and maintain an action to recover back money paid by him under it.

A bill in equity for the specific performance of a contract under seal, alleging that it has never been rescinded, but containing an alternative prayer for the payment back of money paid under the contract, which, after a hearing upon the merits, is dismissed with costs, is not a bar to an action at law between the same parties, founded upon a rescission of the contract by the plaintiff, to recover back the money so paid.

HOLMES, J. This is an action to recover money paid under a contract which the plaintiff alleges to have been rescinded. The contract in question consisted of mutual covenants, by which the defendants agreed to convey certain land on payment by the plaintiff of certain sums, and the plaintiff agreed to pay those sums at the times fixed. The plaintiff did not pay at those times, but, under the instructions of the court, the jury must have found that the time was extended, and that, within the extended time, the plaintiff, having the power and ability to pay the remaining sums, offered to do so, demanded a conveyance, and was refused.

There was evidence justifying the finding that the time was extended, and that the demand was made within the time allowed, and under the circumstances of this case it is unnecessary

to inquire further. For the jury may, and indeed must, also have found that the defendants totally repudiated all obligation on their part under the contract, whatever the plaintiff might do or be ready to do.

The defendants have taken that position from the beginning of the litigation between the parties, and at least say that they took it long before. Their answers to the plaintiff's bill in equity and to the declaration in this suit both deny the alleged extension of time upon which the continuance of their obligation was founded, and both set up that, by reason of the plaintiff's failure to pay at the time fixed, they had not been bound since 1875. The answer in equity adds, that they had always told the plaintiff so since that date. They confirmed their denial in their pleadings by testimony on the stand, both in equity and at law. They conveyed parcels of the land in question to other parties even earlier. The defendant Ambrose gives his belief that the plaintiff had no right to the land as the reason for his refusal to convey.

We must take it then that the defendants' refusal was not merely conditional, until the plaintiff should do something more, but an absolute unconditional repudiation of any obligation whatever, and, as the jury have found, at a time when the plaintiff was in no default. Such a repudiation did more than excuse the plaintiff from completing a tender; it authorized him to treat the contract as rescinded and at an end. It had this effect, even if, for want of a tender, the time for performance on the defendants' part had not come, and therefore it did not amount to a breach of covenant.

It is true that this was a contract under seal, and that it had been partly performed by the plaintiff. But part performance on the side of the party seeking to rescind does not affect his rights, as is shown by many cases. *Hill* v. *Green*, 4 Pick. 114. *Canada* v. *Canada*, 6 Cush. 15. *Goodman* v. *Pocock*, 15 Q. B. 576. And, under the Massachusetts decisions, we do not think that the seal had any greater importance. It has been held, that a contract under seal may be rescinded by parol. *Hill* v. *Green*, *ubi supra*. *Munroe* v. *Perkins*, 9 Pick. 298. And *Hill* v. *Green* goes far to show that such a contract may be rescinded for breach by the other party. See also *Cook* v. *Gray*, 133 Mass. 106,

111. Whether these cases would have been decided the same way in earlier times or not, we have no disposition to question them upon this point, and it is going very little further to hold that such a contract may be rescinded if it is repudiated by the other side. It is clear that, apart from technical considerations, so far as the right to rescind goes, notice that a party will not perform his contract has the same effect as a breach. *Phillpotts* v. *Evans*, 5 M. & W. 475, 477. *Frost* v. *Knight*, L. R. 7 Ex. 111, 113. And the objection to a rescission of a sealed instrument by an act *in pais* is of no greater force where the ground of election is a refusal than where it is a breach, or than where there is a mutual consent to rescind. Our opinion is sustained by the language of *Daniels* v. *Newton*, 114 Mass. 530, 533. See also *Quincy* v. *Carpenter*, 135 Mass. 102, 104 ; *Dearborn* v. *Cross*, 7 Cow. 48; *Canal Co.* v. *Ray*, 101 U. S. 522, 527.

As the defendants derive their right to keep the money from the contract alone, if the contract is rescinded the plaintiff is entitled to recover. Rescission, or avoidance properly so called, annihilates the contract, and puts the parties in the same position as if it had never existed. *Coolidge* v. *Brigham*, 1 Met. 547, 550.

We believe that it is unnecessary, after what has been said, to discuss separately the several rulings asked or given, except those relating to the other defence set up, that the case has been adjudicated between the parties.

The facts relied on are that the plaintiff and one Kendall, to whom the plaintiff had assigned a half interest in the contract, brought a bill in equity (already referred to) for its specific performance, with an alternative prayer that the defendants might be decreed to pay back all the money paid them by the plaintiffs, and, after a hearing upon the merits, the bill was dismissed, with costs. But we do not think that the decree dismissing the bill was conclusive in the present action. The only ground on which it could be so held was the alternative prayer in the bill just mentioned, coupled with the assumption that that prayer went on the footing of the contract's having been rescinded. But whether that prayer could have been sustained on any other ground or not, the plaintiffs did not attempt to sustain it on that one, for the bill stated in terms that the contract had never been

rescinded, and therefore made it impossible that the plaintiff's rights in case of a rescission should be adjudicated. The declaration in the present action, on the other hand, alleges that the contract has been rescinded, and seeks for the first time to try the plaintiff's rights in that event.      *Exceptions overruled.*

*J. G. Abbott,* (*J. A. Sawyer* with him,) for the defendants.

*W. H. Drury,* for the plaintiff.