## E. MARCUS BOND *vs.* JOHN CARPENTER.

Contract between A. and B., to last for a year, A. to do certain work on materials to be supplied by B.

*Held,* that, if B. wrongfully refused to supply materials, A. could recover for breach of contract without showing his own readiness to work after such refusal by B.

B. supplied materials for six weeks, then discharged A. and paid him for six weeks' labor.
*Held,* that from the payment the jury might infer that A. had not been guilty of such default as would justify his discharge by B., but also, —
*Held,* further, that, if A. had been guilty of such default the payment was not a waiver by B. of the default.
One cannot waive a right which has already been exercised.

EXCEPTIONS to the Court of Common Pleas.

The plaintiff brought his action in the Court of Common Pleas, alleging a breach on the part of the defendant of a contract in writing by which the plaintiff was to make boxes for the defendant, the contract to hold good for one year, the plaintiff furnishing the labor; the defendant furnishing lumber, oil, nails, and other materials as required, and paying the plaintiff at the rate of five dollars per thousand feet of lumber used in making the boxes, payments to be made each Monday morning.

The bill of exceptions shows that at the trial the defendant requested the presiding justice to charge the jury : —

1. " If the plaintiff has failed to prove to the satisfaction of the jury that he was ready and willing at all times to perform in all particulars the contract with said defendant, the plaintiff cannot recover."

Which request was refused as not pertinent to the issue before the jury on the evidence, and the defendant excepted.

2. " If the plaintiff has failed to perform his part of the contract in furnishing needed help or in doing the work under said contract in a workmanlike manner, the payment by defendant to plaintiff of the contract price is no waiver of such failure."

Which request was refused as not pertinent to the issue before the jury on the evidence, and the defendant excepted.

3. " If the jury are satisfied that at the time plaintiff claims defendant discharged him, telling him, as plaintiff claims, there was no more work, that plaintiff then and there abandoned said contract and never attempted to do any more work under said contract, then the plaintiff cannot recover."

Which request was granted with the modification, " Yes, unless plaintiff was in fact then and there discharged. If so, he was not called upon to make any further attempt to go on with the work," and to this modification the defendant excepted.

*January* 29, 1887. PER CURIAM. The exceptions state the

case very meagrely, but we infer, from what is stated in connection with the charge, that the plaintiff submitted testimony to show that he went to work in due time under the contract declared on, and continued to work for six weeks, when, while he was still ready and willing to go on, the defendant refused to supply material according to his stipulation, told him there was no more work, and discharged him. We think, if this was so, that the plaintiff was entitled to treat the contract as terminated by the defendant, and if it was wrongfully terminated that he was entitled to recover for the breach thereof, without showing that he continued to be ready and willing to perform his part after such termination. The defendant's request to the court to charge that it was incumbent on the plaintiff to show that he was ready and willing " at all times," meaning as we understand that he was ready and willing continuously to the end of the year for which the contract was to run, was therefore rightly refused.

There was testimony to show that, some time after the plaintiff stopped working, the defendant paid him for the six weeks, without protest, the price stipulated in the contract. The payment was doubtless evidence against the defendant from which the jury might have inferred that the plaintiff had not been guilty of any failure or default which would give the defendant a right to terminate the contract; but, admitting that he had been guilty of such failure or default, it would not amount to a waiver of the right, since he had already exercised it, and a person cannot waive a right after he has taken advantage of it. All that the defendant could have waived by paying was, not his right to terminate the contract on account of the failure, but his right to refuse to pay in full on that account. We think, therefore, that the defendant was entitled to the instruction to the jury contained in his request to charge to the effect that, if the plaintiff had failed to perform his part of the contract in furnishing needed help, or in doing the work in a workmanlike manner, the payment by the defendant to the plaintiff of the contract price was no waiver of the right to take advantage of such failure, and that the court erred in refusing such instruction.

We think that the qualification made by the court to the defendant's remaining request for instructions was proper, and that

the instruction as given was sufficiently favorable to the defend-
ant.                                          *Exceptions sustained.*

*R. B. Dodge, Jun., & Benjamin L. Dennis,* for plaintiff.

*Edward D. Bassett & Frederic Hayes,* for defendant.