MARIA J. BILLINGS & others *vs.* ASEL W. MANN
& another.

Norfolk.    December 7, 1891. — May 6, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Equity Jurisdiction — Conveyance of Real Estate — Insanity — Fraud and
Undue Influence — Parties in Equity — Demurrer.*

Under the Pub. Sts. c. 151, § 4, which confers upon this court general equity
jurisdiction, a bill in equity will lie to declare a deed void, and for a reconvey-
ance, even if the plaintiffs might have resorted to a real action.

An heir, who did not join as plaintiff in a bill in equity brought to declare the
deed of an intestate void, may be made a party defendant, even if she should
elect to affirm the deed.

Specific defects must be distinctly pointed out in a demurrer, if it is intended to
argue them, so as to give the plaintiff an opportunity to amend before the case
is brought to this court.

BILL IN EQUITY, filed on April 11, 1891, to set aside a deed
of Minerva Mann to Asel W. Mann, dated December 3, 1888.
The plaintiffs were sons and daughters and next of kin of Mi-
nerva Mann, deceased, intestate, with the exception of Calvin
Fairbanks, the administrator of her estate; and the defendants
were Asel W. Mann, the grantee of the deed, and Minerva E.
Cook, the only daughter and next of kin not joined as plaintiff.

The prayer was that the court should declare that Minerva
Mann was, at the time she executed the deed, incapable of ex-
ercising a rational volition, and was coerced and unduly in-
fluenced by Asel W. Mann, and should order that the deed be
delivered up and cancelled.

The plaintiff demurred, on the grounds that the bill did not
state a case for any relief, and that the court had no jurisdic-
tion in equity; and *Lathrop,* J. reserved the bill and demurrer
for the consideration of the full court.

The case was argued at the bar in December, 1891, and after-
wards was submitted on the briefs to all the judges.

*S. H. Tyng,* for the defendants.

*W. W. Towle,* for the plaintiffs.

HOLMES, J.   In England, in the case of a conveyance of real
estate induced by fraud or duress when the grounds of avoidance

go only to the motives for the conveyance, and therefore make it voidable only, (*Fairbanks* v. *Snow*, 145 Mass. 153, 154,) as distinguished from defects in the form which make it void, (*Rodliff* v. *Dallinger*, 141 Mass. 1,) a resort to equity has been thought not only proper, but necessary, the title being supposed to be unaffected by anything short of a reconveyance. *Feret* v. *Hill*, 15 C. B. 207. See *Mitchell* v. *Moore*, 24 Iowa, 394; *Lombard* v. *Cowham*, 34 Wis. 486; *George* v. *Tate*, 102 U. S. 564, 570. We see no reason to be dissatisfied with the Massachusetts doctrine, that a deed avoided for fraud or duress is as if it never had been, that the title is in the grantor without more from the moment of avoidance, as in the case of chattels, and that therefore, when the defendant is in possession of the land so that a writ of entry is available, there is a remedy at law, — a doctrine not without the sanction of history and of English decisions. *Pratt* v. *Pond*, 5 Allen, 59. *Bassett* v. *Brown*, 100 Mass. 355. *Sparkesford* v. *Potney*, Abbreviatio Placitorum, p. 271, column 2, Somerset. *Bates* v. *Graves*, 2 Ves. Jr. 287, 295. See *Ballou* v. *Billings*, 136 Mass. 307, 309. But, on the other hand, a majority of the court see no reason to doubt that since the St. of 1877, c. 178, now Pub. Sts. c. 151, § 4, a plaintiff may bring a bill in equity, if he prefers it, as well in Massachusetts as in other States, the Federal courts, or in England, to have the deed declared void and for a reconveyance, and that his right to a real action does not exclude this concurrent remedy, which will give him a title good on the face of the deeds. *Chase* v. *Hubbard*, 153 Mass. 91. *Stratton* v. *Hernon*, 154 Mass. 310. *Harding* v. *Handy*, 11 Wheat. 103, 125. *Allore* v. *Jewell*, 94 U. S. 506. *Baker* v. *Monk*, 33 Beav. 419. In the case at bar it is alleged that the grantor was insane as well as coerced, and insanity seems to be regarded as having so much greater effect than fraud as to make a deed ineffectual against the grantor or his heirs unless confirmed by the grantor when of sound mind, or by his guardian, or by his heirs. *Brigham* v. *Fayerweather*, 144 Mass. 48. Nevertheless, the deed was not absolutely void, if that be material, still less was it void upon its face, and we are of opinion that jurisdiction is not taken away by insanity being superadded to duress. *Brigham* v. *Fayerweather, ubi supra*. See 2 Pomeroy, Eq. Jur. § 947.

If the objection to making one of the heirs who did not join as plaintiff a party defendant had been mentioned as a ground of demurrer, we should regard it as a sufficient answer that it is not improper to make her a party in respect of her interest, even if, when she came to plead, she should elect to affirm her ancestor's deed. See *Smith* v. *Williams,* 116 Mass. 510. As to the error, probably clerical, of alleging that the plaintiffs were informed and believed, instead of alleging that they are informed and believe, if it is desired to take up the time of the court with such trifles, they must be pointed out distinctly in the demurrer, so as to give the plaintiff an opportunity to amend before the case is brought here. See *Windram* v. *French,* 151 Mass. 547, 552.                                    *Demurrer overruled.** 

Thomas W. McCue *vs.* Frederick A. Whitwell & others.

Suffolk.    January 12, 1892. — May 6, 1892.

Present: Field, C. J., Allen, Knowlton, Morton, & Lathrop, JJ.

*Mechanic's Lien — Contract Price — Action at Law — Pleading.*

A. and B. agreed in writing that B. was to receive a deed of land from A. on paying the balance of the purchase price, of which B. had already paid a part, and

---

* A similar decision was made on the same day in Norfolk, in the case of

Willard Hurd *vs.* Susan C. Turner.

Bill in equity, filed on October 13, 1890, to set aside a deed of Willard Hurd to Susan C. Turner, dated July 26, 1890, on the ground of undue influence of the defendant, and want of rational volition on the part of the plaintiff.

The defendant demurred, for want of equity, and because there was a plain and adequate remedy at law.

Hearing before *Lathrop,* J., who reserved the case for the consideration of the full court.

*C. G. Keyes,* for the defendant.

*C. F. French & W. S. Slocum,* for the plaintiff.

Holmes, J.    This case is governed by the decision in *Billings* v. *Mann,* *ante,* 203.                                    *Demurrer overruled.*

that B. should expend in building on the premises certain sums of money within certain times from date. *Held,* that the relation thus created was such as to enable B. to make a contract which could be the foundation of a mechanic's lien.

If a builder has acted in good faith in an effort to perform his contract, and there has been a waiver of performance by the owner of the premises, the builder may recover the contract price less proper deduction for errors or omissions in doing the work.

Where, in case of a petition to establish a mechanic's lien, it appeared that the petitioner stopped work with an understanding, for which the respondent was responsible, that the petitioner was to receive the contract price less deductions to be made for work done by the respondent in accordance with the respondent's notice to the petitioner, and for previous defaults, if any, and the agreed statement of facts recited that there was due the petitioner, after allowing the respondent's damages, if any, by recoupment, a certain sum of money, it was *held* that, under the arrangement, this sum was due as compensation for the petitioner's labor, for which he could recover in an action at common law, even though he could not maintain an action for damages for a breach of the contract, and could not rely on the Pub. Sts. c. 191, § 23.

Technical questions of pleading are not open on an agreed statement of facts.

PETITION, under the Pub. Sts. c. 191, to enforce a mechanic's lien for labor performed and furnished in the excavation of a cellar, on land of the respondent Whitwell, under an agreement made between the petitioner and the respondent Pope.

The case was heard on agreed facts, which, so far as material, appear in the opinion. The Superior Court dismissed the petition, and the petitioner appealed.

*F. L. Cressy,* for the petitioner.

*W. H. Drury,* for the respondents.