## NETTE NATHAN *vs.* JOHN NATHAN & others.

Suffolk. March 27, 1896. — May 25, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Equity — Ante-nuptial Contract — Remedy at Law — Fraud — Waiver of Will.*

Even if the Probate Court has jurisdiction in equity, under St. 1891, c. 415, to set aside an ante-nuptial contract, the jurisdiction is concurrent with that of this court, and affords no sufficient reason for denying a widow, who was induced to sign an ante-nuptial contract by the fraud of her husband, relief in equity in this court if she is otherwise entitled to it.

It is no defence to a bill in equity brought in this court by a widow to set aside an ante-nuptial contract which she was induced to sign by the fraud and misrepresentations of the testator, who was her husband, either that she has a plain, adequate, and complete remedy at law, or that she does not allege that she has waived the provisions of the will.

BILL IN EQUITY, brought by the widow of Emanuel Nathan, against the executors of and the beneficiaries under his will, to set aside an ante-nuptial contract which she was induced to sign by the alleged fraud and misrepresentations of the said Nathan. The defendants demurred to the bill, on the grounds that the plaintiff had a plain, adequate, and complete remedy at law, and that there was no allegation in the bill that the plaintiff had waived the provisions of the will. The demurrer was overruled by *Barker,* J., who reported to this court the question whether it should have been overruled. The facts appear in the opinion.

*R. M. Morse, (J. Duff* with him,) for the defendants.

*A. Hemenway, ( O. A. Galvin* with him,) for the plaintiff.

MORTON, J. The only ground of demurrer now relied on is that the plaintiff has a plain, adequate, and complete remedy at law, and does not allege that she has waived the provisions of the will. The demurrer admits the allegations contained in the bill, and we think that the bill states a case which entitles the plaintiff to relief. Formerly, an ante-nuptial contract like this constituted no bar in the Probate Court to an application by a widow for an allowance or distributive share out of her husband's estate. *Sullings* v. *Richmond,* 5 Allen, 187. *Blackinton* v. *Blackinton,* 110 Mass. 461. Whether under St. 1891, c. 415,

the Probate Court would have jurisdiction to enforce it, or set it aside, we need not now consider. Such jurisdiction, if it exists, is concurrent with that of this court, and affords no sufficient reason for denying the plaintiff the relief which she seeks, if she is otherwise entitled to it.

The bill alleges, in substance, that the plaintiff was unacquainted with the English language, that the true nature of the agreement was not explained to her, and that she was induced to sign it by fraud and misrepresentations on the part of the defendants' testator. It is obvious, we think, that the fact that the executors might be unable to interpose the contract as a defence in the Probate Court to an application by the plaintiff for an allowance or distributive share would furnish no adequate remedy to her. The contract would remain in apparent force, a menace to her rights, and an obstacle to their enforcement. In order to prevent equitable jurisdiction, the remedy at law must be as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. *Holden* v. *Hoyt*, 134 Mass. 181, 185. Nothing short of a cancellation of the contract would afford her adequate relief, and that is a matter cognizable only in equity. *Fuller* v. *Percival*, 126 Mass. 381, 382.

We do not mean to intimate that, if there was a plain, adequate, and complete remedy at law, the plaintiff would not be entitled to the relief which she seeks. Since the passage of St. 1877, c. 178, § 1, re-enacted in Pub. Sts. c. 151, § 4, the remedy in equity seems to have been regarded, in cases of this nature, as concurrent with that at law. *Stratton* v. *Hernon*, 154 Mass. 310. *Billings* v. *Mann*, 156 Mass. 203. *Hurd* v. *Turner*, 156 Mass. 205. *Emerson* v. *Atkinson*, 159 Mass. 356, 361.

The defendants further object that the bill does not allege that the plaintiff waived the provisions of the will. The bill was brought before the time for filing a waiver had expired, and it does not appear whether the time for filing it has been extended. If it followed from the absence of any reference to the matter of waiver that the widow had elected to accept the provisions of the will, or had received and enjoyed the legacies given to her by it, she would have no interest in contesting the validity of the ante-nuptial agreement, and might be precluded from doing so. See *Tyler* v. *Wheeler*, 160 Mass. 206. But we

know of no rule of law or provision of statute which requires the widow, when the time for filing a waiver has not expired, to elect whether she will accept or reject the provisions of her husband's will before bringing a bill to set aside an ante-nuptial contract.          *Decree overruling the demurrer affirmed.*