## The Baltimore and Ohio Southwestern Railway Company v. Adams.

[No. 3,474. Filed June 21, 1901.]

Vendor and Purchaser.—*Breach of Contract.—Railroads.—Right of Way.—Condemnation.*—Where a landowner entered into a written contract with a railroad company to convey to the latter a certain described tract of land for a right of way, and, upon a tender of the consideration agreed upon, refused to make the conveyance, the action of the railroad company in obtaining the land by condemnation proceedings did not bar its right to maintain a suit for damages for a breach of the contract.

From Knox Circuit Court; *G. W. Shaw,* Judge.

Action by Baltimore and Ohio Southwestern Railway Company against Anthony S. Adams for breach of contract to convey right of way. From a judgment for defendant, plaintiff appeals. *Reversed.*

*W. H. DeWolf, R. E. Hamill* and *E. H. Movius,* for appellant.

*B. M. Willoughby* and *J. M. House,* for appellee.

Roby, J.—By this action appellant sought to recover damages for an alleged breach of contract to convey real estate. A demurrer was sustained to its amended complaint, and refusing to plead further judgment was rendered against it from which this appeal is taken. The amended

complaint avers that the appellee entered into a written contract with the Baltimore & Ohio Southwestern Railway Company, a copy being filed with the pleading, by the terms of which he promised and agreed to grant, sell, and release to it the right to construct a railroad through his lands and premises, described, containing about four and seventy-five hundredths acres in Palmyra township, Knox county, Indiana, and to convey said land to it for the sum of $500. It was further provided therein that if no railroad was constructed the contract should be void, and if a railroad was constructed no other damages or compensation should be claimed by him on account of its passing through his premises. That afterwards on June 27, 1899, the railway company tendered to the appellee the said sum of $500, and demanded a conveyance in accordance with the agreement, "which the appellee refused to do"; that at said time the said company was building new track and reducing grade; that it had no time within which to prosecute a suit for specific performance of said contract; that it instituted condemnation proceedings by means of which it procured the right to construct its railroad over said lands, paying to appellee $700, and incurring other expenses in connection therewith; that it was thereby damaged; that the rights of said railway company were before the institution of the action assigned to the appellant railroad company. An instrument relating to such assignment is filed as an exhibit, but is not considered, being wholly evidentiary. The parties having argued but one question, the decision is restricted to the question argued.

Appellee contends that appellant's assignor wished to obtain the land over which to build its railway; that it had two methods of so doing, one by the enforcement of its contract, the other by condemnation proceedings under the statute; that it elected the latter, and is bound by the election. This view seems to have been adopted by the circuit court.

The appellee refusing to perform his part the appellant might elect to treat the contract as rescinded, in which event it could recover what had been paid thereunder. *Dotson* v. *Bailey,* 76 Ind. 434; *Dantzeiser* v. *Cook,* 40 Ind. 65. Or, waiving such right, (1) recover damages at law for the loss sustained; (2) obtain a decree for specific performance. Clark on Contracts, §286.

The bringing of this action is a waiver of the right to rescind. *Connihan* v. *Thompson,* 111 Mass. 270.

If it is not entitled to such redress as the facts and the law may give it by reason of appellee's alleged breach of contract it is because of the condemnation proceeding. If the institution of that proceeding constituted a waiver of its rights under the violated contract, then the demurrer was rightly sustained, otherwise it should have been overruled. If the remedy by way of damages is inconsistent with the right to condemn the real estate under the statute, then it follows that to adopt either one would destroy the other. Had the suit to recover damages been first prosecuted to judgment, how would the right of eminent domain be affected? Not at all. Why then should the condemnation proceeding bar a suit for breach of contract? The fact that appellant acquired the use for railway purposes the same land that appellee had agreed to convey to it in fee seems to have confused. Had the contract been for the sale of a commodity, wheat for instance, upon appellee's refusal to deliver, appellant not only might but it would have been its duty to buy in the market at the best price possible, and thereby minimize damages. If buying in the open market it had chanced to purchase, without reference to the previous contract, wheat from the appellee at a higher price, such fact would not in any wise affect the right to recover damages for the breach. Appellant procured its right of way as it could, and such fact can only be relevant, if at all, upon the measure of damages. If the appellee had sold the real estate to a third party, and appellant had purchased from

such grantee, such purchase would not operate as an election to waive the right to sue upon the contract. The principle governing upon the facts here set up is no different. Contracts are made to be kept, not broken. The person who repudiates his undertaking does it with knowledge that the law will give compensation to the other party. The judgment is reversed, and the cause remanded, with instructions to overrule demurrer and for further proceedings.