### BATTERMAN v. BUTCHER.

(Supreme Court, Appellate Division, Second Department.   June 17, 1904.)

1. NOTES—DEFENSES—WANT OF CONSIDERATION.
    In an action on a note between the original parties, the defense of want of consideration is open to the maker.

Appeal from Municipal Court of New York.

Action by William Batterman against William W. Butcher. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

William O. Miles, for appellant.
William B. Hurd, Jr., for respondent.

PER CURIAM. William W. Butcher was the executor of the estate of William Meth. Some time subsequent to the death of William Meth his widow purchased certain furniture of the plaintiff. The bill aggregated about $500. William Butcher gave a note, as executor, for the amount of this purchase, as he alleges, for the accommodation of the plaintiff, to carry the matter along until Mrs. Meth could pay the same out of the rents of certain premises of which she had a life tenancy. Some payments were made, and renewal notes were given for the balance, until the one now in suit, amounting to $105. The plaintiff is the original payee of the note, and the defendant sets up as a defense that the note was an accommodation note, without consideration moving to him, and the learned court below has determined, upon the evidence, that such is the fact. The action being between the original parties, the question of consideration is open to investigation

¶ 1. See Bills and Notes, vol. 7, Cent. Dig. § 1367.

(Cowee v. Cornell, 75 N. Y. 91, 98, 31 Am. Rep. 428; Slade v. Hood, 13 Gray, 97; Anthony v. Valentine, 130 Mass. 119); and, while it may be that the defendant owes the plaintiff a certain moral obligation to see that the amount of the note is paid, we are of opinion that the evidence establishes that there was never any valid consideration moving to the defendant, and that the only purpose of the note was to accommodate the plaintiff during the time that he was obliged to wait for payment from the life tenant of the estate of William Meth.

The judgment appealed from should be affirmed, with costs.