HATTIE M. STURTEVANT vs. L. ROGER WENTWORTH,
special administrator.

Middlesex.    March 16, 1917. — April 25, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Probate Court,* Jurisdiction, Advancement, Decree, Appeal. *Widow.    Contract,*
Antenuptial agreement. *Executor and Administrator.*

Although in accordance with the provisions of an antenuptial agreement a hus-
band by a codicil to his will devised to the wife certain specified real estate,
which she agreed to accept "in full satisfaction of all right of dower or other of
her rights . . . in the property [of the husband] statutory or otherwise," and of
"all claims which she might have against the estate . . . if she survived him,"
nevertheless, upon the death of the husband and upon an appeal from a decree of
the Probate Court allowing the will and codicil and the appointment of a special
administrator pending the determination of such appeal, the Probate Court upon
the petition of the widow has power under R. L. c. 137, § 12, to make a reason-
able allowance out of the real or personal property held by the special admin-
istrator, as an advancement for the widow's support, such allowance not to
exceed such portion of the estate as she finally will be entitled to.
The decree upon such a petition should not direct the payment of a sum generally,
but should specify that the advancement should be paid to the widow from the
property to which she finally will be entitled, either under the provisions of the
will or under the laws as to intestacy, and the amount ordered to be paid should
be limited accordingly.
A special administrator of an estate is a person aggrieved by a decree of the
Probate Court ordering the payment from the funds of the estate of an ad-
vancement under R. L. c. 137, § 12, and is entitled to appeal from such a
decree.

PETITION for an advancement, filed in the Probate Court under
R. L. c. 137, § 12, by the widow of Richard H. Sturtevant, late of
Somerville, against a special administrator of his estate, appointed
pending an appeal from a decree of the Probate Court admitting
his will to probate.

In the Probate Court a decree was entered "that the sum of
$2,500 be paid to said petitioner as an advancement from said
estate for her support."

On appeal to the Supreme Judicial Court, the facts which are
stated in the opinion were agreed upon and *Crosby,* J., having
found that, if the judge of the Probate Court had authority to

make any allowance under R. L. c. 137, § 12, $2,500 was a reasonable amount, reserved the case for determination by the full court.

R. L. c. 137, § 12, provides as follows: "Upon the petition of the widow or of any child of the deceased, the Probate Court may, after notice, make a reasonable allowance out of the real or personal property in the hands of a special administrator appointed on account of the pendency of a petition relative to the probate of a will or the appointment of an administrator or of an administrator with the will annexed, as an advancement for the support of such widow or children, not exceeding such portion of the estate as they would finally be entitled to. An appeal from a decree relative to such allowance shall not prevent the payment of the allowance, if the petitioner gives bond to the special administrator, with sureties approved by the court and conditioned to repay it if the decree is reversed."

*I. F. Carpenter*, for the respondent.

*J. F. Neal*, (*W. N. Tuller* with him,) for the petitioner.

CARROLL, J. The petitioner, whose name before her marriage on January 27, 1916, to Richard H. Sturtevant, was Hattie M. Hanson, entered into an agreement with him, December 28, 1915, in contemplation of marriage. He agreed, if they married, by a codicil to his will, to devise to her three specified parcels of real estate in Somerville, in lieu of dower and all other rights she might have in his estate if she survived him. She agreed, if the marriage took place, and the will and codicil were admitted to probate, to accept the provisions of the codicil in full satisfaction of all rights against his estate. On the same day, he executed a codicil and devised the three parcels to her. She survived him, and his will was allowed in the Probate Court. On June 12, 1916, an appeal was taken. The defendant has been appointed special administrator. The real estate of the deceased was appraised at $118,900 and the personal property at $47,665.72. The three parcels devised to the widow were valued at $28,000, the monthly rental of which was $266. On June 14, 1916, the widow brought this petition in the Probate Court, asking the court under R. L. c. 137, § 12, to make an allowance to her as an advancement for her support, out of the real or personal estate of the deceased in the hands of the special administrator. The gross rents from the real estate de-

vised to her were at this time $722. She then had, besides some furniture and $750, no other property.

The Probate Court ordered the defendant to pay her $2,500 out of the estate in his hands. He appealed. Thereupon she furnished a bond as provided in the statute, and the money was paid her. The single justice found that $2,500 was a reasonable sum to be paid, if as matter of law the judge of probate had authority to make any advancement.

It was decided in *Blackinton* v. *Blackinton,* 110 Mass. 461, following *Sullings* v. *Richmond,* 5 Allen, 187, 191, that the legal representatives of the husband could not rely upon a marriage contract made by him with the petitioner (his widow) to bar her application for an allowance as necessaries out of his estate. The difficulties of allowing such a contract to prevent the widow claiming a share of the personal property "were considered as insuperable." In *Paine* v. *Hollister,* 139 Mass. 144, a widow, who had entered into an antenuptial contract by which she agreed to accept $12,000 — one half in six months and one half in twelve months after the husband's death — in full settlement of all her rights in his real or personal estate, was enjoined from prosecuting a petition for an allowance out of his estate under Pub. Sts. c. 135, § 2, now R. L. c. 140, § 2.

The petition before us is not brought under R. L. c. 140, § 2, which authorizes the Probate Court to make an allowance as necessaries to the widow and the husband's family under her care, or if there is no widow, to his minor children. This is a petition under R. L. c. 137, § 12, by which the Probate Court may, upon the petition of the widow or any child of the deceased, make a reasonable allowance out of the real or personal property held by the special administrator, appointed because of reasons stated in the statute, as an advancement for the widow or children's support, not exceeding such portion of the estate as they would finally be entitled to.

We are not called upon to decide whether, with the increased equity jurisdiction of probate courts (R. L. c. 162, § 5, St. 1910, c. 100, St. 1915, c. 151, see *Abbott* v. *Gaskins,* 181 Mass. 501, *Bailey* v. *Dillon,* 186 Mass. 244) these courts have now jurisdiction to prevent a widow who has entered into an antenuptial agreement, from seeking an allowance for necessaries under R. L.

c. 140, § 2, or an advancement under R. L. c. 137, § 12, see *Nathan v. Nathan,* 166 Mass. 294; nor do we consider whether, if the petitioner's rights were entirely under the contract, she could ask for such an advancement under R. L. c. 137, § 12. She is asking, in the words of the statute, for an advancement out of the real or personal property in the hands of the special administrator. By reason of the agreement she was to share in her husband's estate as the devisee of specific real estate. Under the codicil this property has been devised to her, and she comes before the court as such devisee or as his widow if the will should not be sustained; she is therefore entitled to the same right to have a share of her property advanced to her, as the children of the testator or the widow who has not entered into such agreement.

The fact that she agreed to accept the provisions of the will "in full satisfaction of all right of dower or other of her rights . . . in the property [of the husband] statutory or otherwise," and "all claims which she might have against the estate . . . if she survived him," does not prevent her from seeking a partial payment of what might be finally due her. By accepting the stipulations of the will and agreeing to waive all statutory rights and claims against the estate, she did not thereby contract that she could not ask for an advance payment out of what might ultimately be hers, either under the will or as his widow if the will was not approved.

The decree of the Probate Court directed that $2,500 be paid to the petitioner as an advancement, or set aside for her support. This decree was wrong. Three separate tracts of real estate were specifically devised to Mrs. Sturtevant, and if the will is finally allowed she is to receive these three parcels of real estate but no other portion of her husband's estate, real or personal. If the will is not allowed her rights are under the statute. But in any event the advancement cannot exceed the share she would finally be entitled to, and the advancement must be limited to and paid out of this portion of the estate. The decree does not do this. The sum awarded is payable generally. It is not limited to any particular part of the estate and does not specifically say whether the real or personal estate is to be called upon to pay it. Creditors and others interested in the estate cannot be deprived of their property by reason of advance payments made to the widow and

children under this statute. No provision is made for the repayment of the advancement, except in the case where the decree allowing it is reversed. If the decree stands, and it does not restrict the payment to a particular share or portion coming to the petitioner, no provision is made showing how or in what manner the advancement shall be recovered. The statute did not contemplate that the settlement of the estate of deceased persons should be complicated by making general advancements payable from the estate, without specifying the particular part from which the payment was to be made.

In St. 1859, c. 143, the advancement was to be paid out of the income of personal property or rents of real estate, and it was to be limited to such portions of income or rent as the petitioner would be entitled to receive whether the will was admitted to probate or not. And while by subsequent statutes (Gen. Sts. c. 94, § 9, St. 1899, c. 311) changes were made — the word "income" stricken out and the language altered in other respects — it was still the intention of the Legislature that the advancement should not exceed that portion or share the widow or children would finally receive. It should be so restricted and this should appear in the decree granting the allowance.

Because the share which may finally come to the widow or children is sometimes uncertain, there may be difficulty in deciding in advance what amount should be paid and to what particular property it should be confined; but it is to be given only for their support while the controversy is pending. It is not confined in the first instance to personal property nor is it allowed only as necessaries, as is the widow's allowance granted under R. L. c. 140. See *Kingsbury* v. *Wilmarth*, 2 Allen, 310. This statute is solely intended to permit in certain cases the prepayment of a certain amount, for the purpose stated, out of the particular property which may finally belong to the petitioner.

The special administrator, under the statute, was a person aggrieved by the decree of the Probate Court and could appeal therefrom.

*Decree reversed.*