## SAPIRIE *v.* FRY.

[No. 11,824.   Filed May 23, 1924.   Rehearing denied October 17, 1924.   Transfer denied February 4, 1925.]

1. PARTNERSHIP.—*General rule that one partner cannot sue the other without an accounting, payment of debts, etc.*—The general 'rule is that one partner cannot maintain a suit against another partner without first having an accounting, dissolution of the partnership, payment of debts, and showing a balance due the plaintiff.   p. 471.

2. PARTNERSHIP.—*Partner's wrongful repudiation of partnership agreement authorizes suit by other partner for value of his services.*—Where one partner wrongfully repudiated the partnership, after two years operation of the partnership agreement, and wrongfully excluded the other from participation in the profits and prevented his withdrawal of living expenses as provided in the partnership agreement, the latter could recover the reasonable value of his services prior to the repudiation.   p. 471.

From Marion Superior Court (A 14,513) ; *Theophilus J. Moll,* Judge.

Action by Marshall A. Fry against Moses Sapirie. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Walker & Hollett* and *Owen S. Boling,* for appellant.
*Felt & Forney* and *Williams & Schlosser,* for appellee.

NICHOLS, J.—This is an action by appellee against appellant.

The complaint is in three paragraphs. There was a verdict and judgment in favor of appellant on the first and second paragraphs, and they are therefore not involved in this appeal.

It is averred in the third paragraph that, in the year 1919, appellee and appellant formed a partnership designated as M. Sapirie and Company for the purpose of obtaining contracts for the improvement of highways and, as such, they were awarded the contract for the improvement of the Leonard McAlpin road in Marion county, Indiana; that they duly entered into a contract therefor under said partnership name and entered upon the work. That by and under the terms of said partnership, appellee was to furnish $2,200 for the purchase of machinery and equipment necessary to the carrying on of such work; that each of the partners was to draw from the partnership funds, as living expenses, $25 per week, each of said partners was to give his time, attention and services to such work and they were to be equal partners in said business. That appellee duly performed his part of said contract, and paid to appellant for the use and benefit of said firm $2,200 on March 12, 1919; that appellee rendered the services required of him under said contract and in all things complied with his partnership agreement, but that thereafter appellant wrongfully and without right repudiated said partnership contract, refused to allow appellee to exercise any authority or management in the construction of said road and refused to allow appellee expenses provided for under the said contract or any part thereof; that he wholly repudiated said contract of partnership and arbitrarily and without right excluded appellee from any management, control or authority in the business of said partnership; that because of such

repudiation by appellant, appellee was compelled to cease to stay upon said work and did so cease after he had continued for a period of about two years; that his services during all of said time were of the fair and reasonable value of $60 per week; that he received during said time, as living expenses, a total sum of $ . . . . . . . Appellant wrongfully and without right refused to pay appellee for his services, excluded him from said partnership, repudiated said partnership contract and wholly ignored and disavowed the rights of appellee therein.

There was a demand for judgment on this paragraph for a fair and reasonable value of appellee's services so rendered as aforesaid, less the amount received by him. There was an answer in general denial and in payment. The cause was submitted to a jury for trial, which returned a verdict in favor of appellee, upon which, after motion for a new trial was overruled, judgment was rendered.

The error assigned in this court is the action of the court in overruling appellant's motion for a new trial, the reasons under which present the substantial question of the right of appellee to recover for his services under the averments of the third paragraph of complaint and the evidence offered in proof thereof. It is appellant's contention that the action is by one partner against another partner for services rendered and that such an action cannot be maintained, while appellee contends that appellant wrongfully repudiated the contract of partnership and that, having done so, appellee had the right to elect whether he would stand upon the partnership agreement as made and ask for an accounting, or accept the repudiation made by appellant and sue to recover the reasonable value of his services rendered. Under the circumstances alleged, he has elected to pur-

sue the latter remedy, and the question we have to determine is as to the effect of the repudiation upon his right to maintain his action and to recover for his services. Numerous cases cited by appellant recognize the general rule that one partner cannot maintain a suit against another partner without first having an accounting, dissolution and payment of the partnership debts, and showing a balance due. This rule is so well established that authorities are not needed to sustain it. But, in this case, the rights of creditors were not involved. There were no debts to be paid. The only question that we need to consider is the right of appellee, as between himself and the appellant, upon a wrongful repudiation of the partnership contract to recover for his services theretofore rendered. There is no question as to the fact of repudiation of the contract of partnership by appellant, for he himself testified that appellee was never his partner and that he had nothing to do with the contract except to work for appellant for a time. Under such circumstances, we see no reason why the rule as stated by Bishop, Contracts, §834, should not apply. It is as follows: "When rescinding is possible and it has been lawfully made by the party not in fault—or unlawfully by the other—the one entitled may recover back the consideration or whatever else he has paid on the contract including compensation for work done, goods delivered and the like prior to the rescission." This rule was adopted in *Hoagland* v. *Moore* (1828), 2 Blackf. 167, where it was held that it is well settled that if one has performed a part of a contract and is prevented from completing by the acts or failure of the other party, he may abandon the contract and recover for what he has done. Other authorities to the same effect are: *Alcorn* v. *Harmonson* (1829), 2 Blackf. 235; *Gwynne* v. *Ramsey* (1883), 92 Ind. 414, 417; *French* v. *Cunningham* (1898), 149 Ind. 632, 638;

*Riley* v. *Walker* (1893), 6 Ind. App. 622, 629; *Baltimore, etc., R. Co.* v. *Adams* (1901), 27 Ind. App. 185, 187; *Ballou* v. *Billings* (1884), 136 Mass. 307; *Graves* v. *White* (1882), 87 N. Y. 463, 466; *Bond* v. *Carpenter* (1887), 15 R. I. 440, 8 Atl. 539; *United States* v. *Behan* (1884), 110 U. S. 338, 4 Sup. Ct. 81, 28 L. Ed. 168; Woodward, Quasi Contracts, p. 417.

In *United States* v. *Behan, supra,* the rule is stated as follows: "When a party injured by the stoppage of a contract elects to rescind it, then, it is true, he cannot recover any damages for the breach of the contract, either for outlay or for loss of profits; *he recovers the value of his services actually performed as upon a quantum meruit.* (Our italics.) There is then no question of loss or profits. But when he elects to go for damages for the breach of the contract, the first and most obvious damage to be shown is, the amount which he has been induced to expend on the faith of the contract, including a fair allowance for his own time and services. * * * It does not lie * * * in the mouth of the party, who has voluntarily and wrongfully put an end to the contract, to say that the party injured has not been damaged at least to the amount of what he has been induced fairly and in good faith to lay out and expend, including his own services."

In the light of these authorities, we have examined the questions presented by the motion for a new trial, both as to the evidence and as to the instructions, which, as aforesaid, involve the right of appellee to recover for services rendered, and we hold that no reversible error is presented.

Judgment affirmed.