## JAMES H. DRURY *vs.* CLARA D. HARTIGAN.

Middlesex.    May 6, 1942. — September 8, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Equity Pleading and Practice,* Decree; Master: findings. *Equity Juris-*
*diction,* Cancellation.   *Bills and Notes,* Consideration.   *Contract,*
Consideration.

If promissory notes given by an elderly person were legally unenforceable
against him but nevertheless were a continuing threat, of a law suit
against him or his estate after his death, they might be ordered can-
celled in a suit in equity by him against their holder.

Upon a bill in equity for cancellation of certain promissory notes, based
on averments that the notes were invalid for want of consideration
but without any averment by the plaintiff, either in the bill or in
answer to a counterclaim on the notes, that they were barred by the
statute of limitations, a decree for the plaintiff based on findings that
they were so barred was erroneous.

A finding by a master contrary to a fact admitted by a party in his
pleadings was not a proper basis for a decree in favor of that party
although there were no exceptions to the master's report.

Affection of a father for his daughter and his desire to make provision
for her were not valid consideration for promissory notes given by
him to her.

BILL IN EQUITY, filed in the Superior Court on October
15, 1941.

The defendant appealed from decrees entered by order of
*Leary,* J.

*B. Ginsburg,* for the defendant.

*J. G. Bryer,* for the plaintiff.

QUA, J.  The plaintiff is the father of the defendant.  In
his bill the plaintiff alleges that he gave the defendant
three promissory notes, (1) a note dated January 25, 1932,
for $2,000, (2) a note dated May 9, 1932, for $273.04, and
(3) a note dated April 22, 1941, for $15,000.   All three
notes appear from copies incorporated in the bill to have
been payable on demand, and the first two appear to have
been sealed instruments.   There are allegations that all
the notes were given without consideration for the accom-

modation of the defendant; that the defendant has demanded payment of them; that if the notes were ever owed they have been paid; that the plaintiff "is advanced in years" and desires, "while still physically able to have his liability on said notes determined." There are prayers that the court decree that there was no consideration for the notes, that they be delivered up for cancellation, and for further relief.

The defendant's answer admits the giving of the notes and their form as alleged, denies that they were accommodation notes, avers that they were given for valuable consideration, and denies that they have been paid, except for a small payment alleged to have been made within six years on account of each of the first two. The defendant seeks by counterclaim to recover from the plaintiff the balance alleged to be due her on the notes. There does not appear to have been any answer to the counterclaim.

The master, to whose report there were no exceptions, found that the plaintiff was about seventy-eight years of age at the time the master's report was made, and in substance found that there was consideration for the first note in the form of money lent by the defendant to the plaintiff; that the master was not satisfied that there was a seal upon the note when it was handed by the plaintiff to the defendant; that the plaintiff had made no payment upon it; that there was consideration for the second note in the form of a check given by the defendant to the plaintiff for the amount of the note; that the master was not satisfied that there was a seal upon this note when it was given by the plaintiff to the defendant; that the plaintiff had made no payment upon it; that there was no money consideration for the third note; and that affection of the plaintiff for the defendant and the desire of the plaintiff "to evidence care for and make some provision for the defendant" were "the reasons or considerations" for this note.

The trial judge entered a final decree ordering the defendant to deliver up all three notes for cancellation. The grounds of the decree appear from recitals contained in it to have been that the first two notes were "outlawed by the

running of the statute of limitations," and that there was no valid consideration for the third note.

According to the findings of the master the notes in the hands of the defendant are unenforceable against the plaintiff but nevertheless constitute a continuing threat of a law suit against him or against his estate after his decease, and a decree for their cancellation might be proper. *Fuller v. Percival,* 126 Mass. 381. *Anthony v. Valentine,* 130 Mass. 119, 120. *Rice v. Winslow,* 182 Mass. 273. *Kidder v. Greenman,* 283 Mass. 601, 610. Am. Law Inst. Restatement: Contracts, § 433. Williston on Contracts, (Rev. ed.) § 1880. Compare *Hooker v. Porter,* 271 Mass. 441, 446–447. But as to the first two notes the decree that has been entered is incorrect in the present state of the pleadings. The plaintiff has not set up the bar of the statute of limitations as a ground of relief against the notes, either in the form of appropriate allegations in his bill or as a defence to the defendant's counterclaim. Relief in equity cannot go beyond the scope of the bill. *Pickard v. Clancy,* 225 Mass. 89, 95. *National Rockland Bank of Boston v. Johnston,* 299 Mass. 156, 157–158. *Blair's Foodland Inc. v. Shuman's Foodland, Inc.* 311 Mass. 172, 176. Moreover, on the allegations of the bill, admitted by the answer, the first two notes were under seal when delivered and would not outlaw for twenty years. G. L. (Ter. Ed.) c. 260, § 1, First. *Clarke v. Pierce,* 215 Mass. 552. *Mindell v. Goldman,* 309 Mass. 472, 474. The master's findings that he was "not satisfied" that there were seals upon these notes when they were given were without effect in view of the pleadings.

The decree was right as to the third note. Affection for a person and the desire to make a provision for him are not valid consideration for a promissory note or other executory contract. G. L. (Ter. Ed.) c. 107, §§ 47, 48, 51. *Hill v. Buckminster,* 5 Pick. 391. *Maynard v. Maynard,* 105 Maine, 567, 570. *Estate of Smith,* 226 Wis. 556. *Holley v. Adams,* 16 Vt. 206. Daniel, Negotiable Instruments, (7th ed.) § 196. Williston on Contracts, (Rev. ed.) § 110.

The interlocutory decree confirming the master's report is affirmed. The final decree is reversed. The findings of

the master are such as to suggest that justice may require amendments to the pleadings.  If within sixty days after the rescript one or more amendments shall have been allowed, further proceedings not inconsistent with this opinion are to be had in the Superior Court under the amended pleadings.  If no amendment is allowed a final decree is to be entered in accordance with this opinion denying relief to the plaintiff with respect to the first two notes and granting recovery on those notes to the defendant on her counterclaim, and granting relief to the plaintiff with respect to the third or $15,000 note.

*Ordered accordingly.*